SHAUN P. MARTIN, ESQ. (Bar No. 158480)
University of San Diego School of Law
5998 Alcala Park, Warren Hall
San Diego, CA 92110
(619) 260-2347
FAX: (619) 260-7933
smartin@sandiego.edu

DAVID J. RICHTER, ESQ. (Bar No. 165694)
JOHNNY Y. CHEN, ESQ. (Bar No. 198469)
DivXNetworks, Inc.
4780 Eastgate Mall
San Diego, CA 92121
(858) 882-0600
FAX: (858) 882-0601

Counsel for Plaintiff

FILED
04 NOV 30 PM 12: 00
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

RECEIVED
APR 25 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

05 - 240

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

DIVXNETWORKS, INC.,

　　　　　　Plaintiff,

　　v.

ARCHOS, INC. and ARCHOS S.A.,

　　　　　　Defendants.

CASE NO. '04 CV 2386 L (BLM)

COMPLAINT

DEMAND FOR JURY TRIAL

　　　　Plaintiff DivXNetworks, Inc. ("DivXNetworks"), for its complaint herein, alleges as follows:

## Jurisdiction

　　1.　Federal subject matter jurisdiction exists in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

COMPLAINT

## The Parties

2. Plaintiff DivXNetworks is a Delaware corporation with its principal place of business in San Diego, California.

3. Defendant Archos, Inc. is a California corporation with its principal place of business in Irvine, California.

4. Defendant Archos, S.A. is a French corporation with its principal place of business in Igny, France.

5. Archos, Inc. is a subsidiary of Archos, S.A. Defendants have engaged in each of the activities complained of herein both individually and through agents acting on their behalf and within the scope of their authorization and employment, and have further engaged in each of these activities collectively and pursuant to the agreement of each of the defendants, and in furtherance of a common and agreed-upon plan. The acts alleged to have been undertaken by the defendants herein were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, or directed, and/or were actions that each defendant assisted, participated in, or otherwise encouraged. Each defendant aided and abetted the actions of each other defendant, and each defendant had knowledge of those actions and provided assistance and benefitted from those actions, in whole or in part. Defendants Archos, Inc. and Archos, S.A. are collectively referred to as "Archos" herein.

## Facts Common to All Claims

6. DivXNetworks is a well-respected source of technology utilized in, among other things, the compression and distribution of digital video data. DivXNetworks developed, licenses, and distributes "DivX," which is the brand name of one of the world's leading video compression technologies. DivX software compresses digital video down to a size that is easily transported over the internet – or efficiently

downloaded to a computer or portable digital video device with limited storage capacity – and allows the subsequent decompression of this data without any reduction in the video's visual quality. Over 120 million people have downloaded DivX to create or watch high-quality DivX-encoded content (often, DivX-encoded movies). Over a billion video files exist that utilize the DivX codec – short for **co**mpression/**dec**ompression – technology.

7. DivXNetworks has spent and continues to spend substantial amounts of time, money and effort in the development, preparation, improvement, quality control, and distribution of DivX. As a result, both DivXNetworks and DivX are well-known and highly respected by the public, particularly by those individuals who seek to watch digital video files – or who seek to purchase video devices that are capable of displaying digital video files – that have been compressed through the use of DivX.

8. DivXNetworks owns, inter alia, the registered trademarks "DivX" and "DivX Certified" (including Registration Nos. 2,671,143, 2,712,971, & 2,857,603), and utilizes these marks in the United States in connection with its business (the "Registered Marks"). The Registered Marks are recognized by the public as a brand identifier for products that are either produced and distributed directly by DivXNetworks or that have been certified by DivXNetworks as compatible with the technology employed by DivX and as to which the producers of those products have obtained, after extensive testing and certification of their product by DivXNetworks, a license to use the Registered Marks (particularly, "DivX") from DivXNetworks. The Registered Marks serve as important and distinctive representations of the origin of products produced by, affiliated with, or distributed alongside the products of DivXNetworks, and assure customers that products that bear the Registered Marks are compatible and interoperable with digital video files to which DivX compression has been applied. DivXNetworks has spent, and continues to spend, vast amounts of time, effort, and money to ensure that the valuable goodwill generated by the Registered Marks and the assurances that they provide to consumers is not diminished by the use of these Registered Marks by products that are not genuinely compatible with DivX compression; e.g., by products that will not play files compressed

with DivX or that will tarnish the reputation of DivXNetworks and/or the Registered Marks.

9. Archos is a publicly traded multinational corporation that manufactures, sells, and distributes, inter alia, portable handheld devices designed to play compressed digital video files that have been downloaded from the internet and/or a home computer. These Archos products include, among others, the AV120 Video Recorder, the AV140 Video Recorder, the AV320 Video Recorder, the AV340 Video Recorder, the AV380 Video Recorder, the Pocket Video AV420, the Pocket Video AV480, the Jukebox Multimedia Player, the Gmini 400, and the Archos AV500 Series (the "Infringing Products").

10. Archos advertises, distributes, and sells the Infringing Products in interstate commerce in the United States through the use of the Registered Marks owned by DivX without the consent of DivXNetworks and with the intent of capitalizing on the goodwill of DivXNetworks in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Archos with DivXNetworks, and to imply that DivXNetworks has originated, sponsored, certified, approved, licensed, or is affiliated with Archos and with the Infringing Products, and engages in conduct that is designed to and does contribute to such infringing conduct.

11. Archos further advertises, describes, and promotes the sale of the Infringing Products in commercial advertising and promotions through use of the Registered Marks alongside untrue and misleading descriptions and representations of fact regarding the nature, characteristics, and qualities of the Infringing Products. The false and misleading statements made by Archos in the commercial advertising and promotion of the Infringing Products include, inter alia, claims that the Infringing Products are compatible with DivX and that the Infringing Products play or read DivX-encoded files (the "False Advertising Statements").

12. The False Advertising Statements are literally untrue as well as misleading, deceptive, and are likely to cause consumer deception, mistake, and confusion. Archos is

well aware that the Infringing Products are not, in fact, compatible with DivX and do not properly read or play DivX-encoded files. Consumers who have purchased the Infringing Products in reliance upon the False Advertising Statements have repeatedly informed Archos that the unlicensed Infringing Products are not compatible with and do not properly read or play DivX files. For example, one consumer of an Infringing Product stated that "the ability to playback DivX has only worked once for the 100 or so files I have put into the machine. As far as Archos support goes, this is a joke." Another professional reviewer of the Infringing Products stated: "When it comes to playing back existing DivX movies, [the Infringing Product] also stumbles. Archos says that it'll play back DivX and XviD movies, but we couldn't get it to play any from our collection properly. And therein lies the problem with this device."

13.    DivXNetworks has repeatedly informed Archos that it has engaged in the unauthorized use of the intellectual property of DivXNetworks, including the Registered Marks, and had demanded the cessation of the unauthorized infringement and the False Advertising Statements. Nonetheless, Archos continues to infringe the Registered Marks and continues to make and disseminate the False Advertising Statements. Through these actions, Archos has intentionally sought to cause consumer deception, mistake, and confusion, and has knowingly and deliberately engaged in such illegal conduct.

## Count One

(Trademark Infringement -- 15 U.S.C. § 1114)

(Against Each Defendant)

14.    DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 13 above.

15.    Defendants' use of the Registered Marks as described above constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

16. Defendants' intentional and wilful infringement of the Registered Marks has caused and will continue to cause damage to DivXNetworks, and to the goodwill associated with and value of the Registered Marks, in an amount to be proved at trial.

17. Defendants' conduct has caused and continues to cause irreparable injury to DivXNetworks and to the Registered Marks in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

18. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further acts of trademark infringement, and, after trial, to recover any damages proven to have been caused by reason of defendants' acts of trademark infringement, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## Count Two

(False Designation of Origin -- 15 U.S.C. § 1125(a))

(Against Each Defendant)

19. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 18 above.

20. Defendants' use of the Registered Marks as described above is likely to cause and has caused consumers to believe mistakenly that Archos and the Infringing Products have an affiliation with DivXNetworks, that the Infringing Products are sponsored or approved of by DivXNetworks, or that Archos and the Infringing Products are otherwise associated with or have obtained permission from DivXNetworks.

21. Defendants' conduct has and will continue to cause damage to DivXNetworks and to its business in an amount to be proved at trial.

22. Defendants' conduct has caused and continues to cause irreparable injury to DivXNetworks in an amount that cannot be ascertained at this time and, unless restrained,

will cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

23. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further acts of false designation of origin, sponsorship, or approval, and, after trial, to recover any damages proven to have been caused by reason of defendants' acts of false designation, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## Count Three

### (False Advertising -- 15 U.S.C. § 1125(a))

### (Against Each Defendant)

24. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 23 above.

25. Defendants have used and continue to use the Registered Marks and to make and disseminate the False Advertising Statements as described above in commercial advertising and promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another person's goods, services, or commercial activities.

26. Defendants' conduct has and will continue to cause damage to DivXNetworks and to its business, in an amount to be proved at trial.

27. Defendants' conduct has caused and continues to cause irreparable injury to DivXNetworks in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

28. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further misuse of the Registered Marks and dissemination of the False Advertising

Statements, as well as further equitable relief that requires restitution and remedies to dispel the effect of the False Advertising Statements, and, after trial, to recover any damages proven to have been caused by reason of defendants' misuse of the Registered Marks and dissemination of the False Advertising Statements, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

Count Four

(State Law Trademark Infringement & Unfair Competition)

(Against Each Defendant)

29.  DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 28 above.

30.  The acts of defendants described above constitute trademark infringement and unfair competition in violation of the statutes and common law of California, as well as violations of Cal. Bus. & Prof. Code § 17200 et seq.

31.  By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further trademark infringement and unfair competition and requiring disgorgement and restitution of all proceeds unjustly obtained by defendants as a result of their illegal acts, and, after trial, to recover any damages caused by reason of defendants' acts of trademark infringement and unfair competition, as well as recovery of interest, costs and attorneys' fees.

## Count Five

### (State Law False Advertising)

### (Against Each Defendant)

32. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 31 above.

33. The acts and False Advertising Statements of defendants described above constitute false advertising in violation of the statutes and common law of California, as well as violations of Cal. Bus. & Prof. Code § 17500 et seq.

34. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further false advertising and requiring disgorgement and restitution of all proceeds unjustly obtained by defendants as a result of their illegal acts, and, after trial, to recover any damages caused by reason of defendants' acts of false advertising, as well as recovery of interest, costs and attorneys' fees.

## Count Six

### (Declaratory Relief)

### (Against Each Defendant)

35. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 34 above.

36. There is an actual and existing controversy between DivXNetworks and Archos regarding whether Archos is obligated to pay to DivXNetworks, pursuant to state or federal law and/or the agreement of the parties, a reasonable royalty for each sale of an Infringing Product or other device designed or enabled to play DivX compressed files, or a subset of these devices. DivXNetworks contends that payment of such a reasonable

royalty is required; however, Archos disagrees, and has refused to pay (and has not paid) such a reasonable royalty for all such products sold.

37.  DivXNetworks accordingly seeks a declaration of the respective rights and liabilities of the parties regarding the payment of such a reasonable royalty, as well as an accounting and judicial declaration of all reasonable royalty payments currently due and owing to DivXNetworks from Archos and not yet paid.

DATED: November 30, 2004        By _____
                                Shaun P. Martin
                                Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: November 30, 2004

By _____
Shaun P. Martin
Counsel for Plaintiff

AO 120 (3/85)

| TO: Commissioner of Patents and Trademarks Washington, D.C. 20231 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| 04cv2386 | 11/30/04 | United States District Court, Southern District of California |

| PLAINTIFF | DEFENDANT |
|---|---|
| Divxnetworks, Inc. | Archos, Inc. |

| | PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|---|
| 1 | 2,671,143 | | DivXNetorks |
| 2 | 2,712,971 | | DivXNetorks |
| 3 | 2,857,603 | | DivXNetorks |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| | PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

JS44
(Rev 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

DIVXNETWORKS, INC.,

**DEFENDANTS**

ARCHOS, INC. and ARCHOS S.A.,

FILED
04 NOV 30 AM 11:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
SHAUN P. MARTIN, ESQ (Bar No. 158480)
University of San Diego School of Law
5998 Alcala Park, San Diego, CA 92110
(619) 260-2347

**ATTORNEYS (IF KNOWN)**

'04 CV 2386 L  (BLM)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Action for trademark infringement under 15 USC sects. 1114, 1125

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $** 5,000,000

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE November 29, 2004    SIGNATURE OF ATTORNEY OF RECORD _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

P/O $150.00  11/30/04  #109079 VB