Original

Charles F. Reidelbach, Jr., State Bar No. 167482   (Space Below Reserved for Filing Stamp Only)
Phillip C. Samouris, State Bar No. 163303
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Douglas V. Rigler
YOUNG & THOMPSON
745 South 23rd Street
Arlington, Virginia 22202
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

Attorneys for Defendant ARCHOS, INC.

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVXNETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCHOS, INC. and ARCHOS S.A.,* <br><br> Defendants. | CASE NO. 04 CV 2386 L (BLM) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS OR ALTERNATIVELY TRANSFER OR STAY ACTION AND FOR IMPOSITION OF SANCTIONS <br><br> Date: January 31, 2005 <br> Time: 10:30 AM <br> Courtroom: 14 – Fifth Floor <br><br> Date Complaint Filed: November 30, 2004 |

## INTRODUCTION

Archos, Inc. ("Archos"), a corporation whose offices are in the Central District of California and which does not transact business in the Southern District of California, was

---

* Archos S.A. has not been served with the complaint in this action as of the date of this filing.

-1-

accused by letter of August 2, 2004, of infringing the trademarks of DivX Networks ("DivX"), a Delaware corporation with its offices in San Diego. Archos does not believe that it infringes any trademarks of DivX, and attempted to engage DivX in a discussion as to the basis for the accusations of infringement. DivX refused to supply particulars but, instead, sent threatening letters to Archos' customers in different states. Some four weeks after the threat letters to Archos customers had been sent and eight weeks after being unable to obtain information from or engage DivX in a dialogue, Archos initiated a suit for declaratory judgment of non-infringement in the United States District Court for Delaware, the home state of DivX. Suit was filed to alleviate the harm to business caused by the DivX threat letters.

As the time for an answer to the Delaware Complaint approached, Shaun Martin, an attorney for DivX, requested an extension of time in which to respond until December 1, 2004. Archos immediately assented to the request. Archos also inquired as to whether DivX had an interest in resolving the suit amicably and without the expenditure of significant resources by either side. Counsel for Archos offered to fly to San Diego and to meet with counsel for DivX.

A meeting was arranged for November 30, 2004. Immediately before the meeting, on November 29, counsel for DivX requested and was granted a second extension of time to December 15, 2004, in which to respond to the pending Delaware action. At the meeting between counsel on the morning of November 30, no progress was made with respect to an amicable resolution. Significantly, however, counsel for DivX did not disclose his intention to file this later action in the Southern District of California on noon that very same day. Had any such intent been disclosed, counsel for Archos would not have traveled to San Diego for a fruitless meeting.

DivX's counsel, Shaun Martin, signed a civil cover sheet in this action which omitted any reference to the Delaware action as a related action. Counsel for DivX could not have overlooked this section of the civil cover sheet form, however, since he had typed the single word "judge" in the space provided for notification of a related action.

When DivX answered the first-filed Delaware complaint on December 15, it brought the identical counterclaims it made in the San Diego action. Thus, the two suits are mirror images. DivX admitted to jurisdiction in Delaware and that venue is proper.

The foregoing factual recitation is attested to in the accompanying declarations of Brad Wallace and Douglas Rigler and the exhibits to those declarations. Archos asserts herein that this action was filed in bad faith, in obvious non-compliance with the Rules, and that this action should be dismissed for lack of personal jurisdiction, stayed, or transferred to the District of Delaware. Archos seeks sanctions including the award of its attorney fees and expenses in connection with this motion.

## ARGUMENT

### POINT I

### THIS COURT LACKS PERSONAL JURISDICTION OVER ARCHOS

In its complaint, DivX alleges that Archos is a California corporation with its principal place of business in Irvine, California. DivX also asserts that Archos is engaged in each of the activities alleged in the complaint. However, DivX does not allege that Archos' acts were committed within the jurisdiction of the Southern District of California, i.e., in either of the counties of Imperial and/or San Diego.

"California law recognizes two ways that constitutionally sufficient minimum contacts can be shown" in order to obtain personal jurisdiction over a defendant. *Goodwin v. Best Plan, International, Ltd.*, 2004 WL 1924147 *2 (N.D.Cal. 2004), *quoting Farris v.*

*Captain J. B. Fronapfel Co.*, 182 Cal. App. 3d at 987, 227 Cal. Rptr. 619 (Ct. App. 1986). First, a court may exercise general jurisdiction as to any cause of action asserted against any non-resident defendant if the non-resident's activities are either "extensive or wide-ranging" or "substantial ... continuous or systematic." *Goodwin*, at *2. Second, absent pervasive contacts, a court may exercise specific jurisdiction only if the cause of action rises out of the non-resident's activities within or affecting the forum. *Goodwin*, at *2.

A finding of general jurisdiction requires pervasive contacts. *See, e.g., Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n. 3 (9th Cir. 1993) (observing courts have "regularly declined to find general jurisdiction even where the contacts were quite extensive"); *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075- 77 (9th Cir. 2003) (noting general jurisdiction requires an "approximation of physical presence."). Accordingly, merely "doing business" is insufficient to establish general jurisdiction over Archos.

Before the Court may find specific jurisdiction to exist, the non-resident defendant must do one of three things. First, the non-resident corporate defendant must consummate some transaction within the forum or perform some act by which it purposely avails itself of the privilege of conducting activities within the forum such that it has invoked the benefits and protections of the jurisdiction's laws. Second, the claim that is the object of a lawsuit must arise out of or result from the non-resident defendant's forum-related activities. Third, an exercise of jurisdiction must be reasonable. *Data Discovery, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

Here, neither general nor specific jurisdiction exists over Archos. As noted above, DivX's complaint is devoid of any allegation that Archos committed any act within the confines of the jurisdiction of the Southern District of California, i.e., either in Imperial or San Diego counties. The reason the complaint is devoid of any such allegation is because the

facts do not support one. Archos does not have any customers in either Imperial or San Diego counties and does not conduct business within the jurisdiction of the Southern District of California (Wallace Decl. ¶¶ 3 & 4).

Accordingly, Archos has not availed itself of the privilege of conducting business in the Southern District of California. Similarly, DivX cannot assert that the claims of this lawsuit arise out of, or result from, Archos' forum related activities. And, as is apparent, it would be unreasonable for Archos to have to defend a second and later-filed action, when the first and primary action is pending in a district where jurisdiction and venue are admitted by DivX. This action should therefore be dismissed. *See Goodwin*, at 4.

## POINT II

### APPLICATION OF THE "FIRST-TO-FILE RULE" MANDATES DISMISSAL, TRANSFER, OR STAY OF THE INSTANT SECOND-FILED ACTION

Even if one were to assume *arguendo* that personal jurisdiction exists over Archos in this District, the Ninth Circuit has long recognized the doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues already has been filed before another district court. *Pacesetter Systems, Inc. v. Medtronic, Inc. and Med Rel Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 749 (9th Cir. 1979). Under the "first-to-file" doctrine, principles of sound judicial administration require "the first suit should have priority absent special circumstances.... Restraint of the first-filed suit is made only to prevent wrong or injustice...." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). As explained by the Ninth Circuit in *Pacesetter*:

> Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, **the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.**

-5-
Memorandum Of Points And Authorities In Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions

*Pacesetter*, 678 F.2d at 95 (emphasis added). In deciding whether to apply the first-to-file rule, the Courts in the Ninth Circuit look at three factors: 1) the chronology of the two actions; 2) the similarity of the parties, and 3) the similarity of the issues. *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991).

These principles are directly applicable herein. Archos filed the Delaware federal court action on October 28, 2004, only after DivX sent letters to Archos' clients alleging that Archos had violated DivX's trademarks (Rigler Decl. ¶ 9). In doing so, Archos waited almost four weeks before instituting the first-filed Delaware declaratory judgment action (Rigler Decl. ¶¶ 6 & 9). However, Archos could not wait indefinitely and allow DivX to damage Archos' business relationships with its customers. As the Court recognized in *Pacesetter*:

> ...Declaratory relief is intended to serve a unique function in patent disputes, eliminating multiple litigation and protecting competitors from infringement actions that are **threatened but not pursued**.

*Pacesetter*, 678 F.2d at 97 (emphasis added). *See also Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).

Moreover, Archos sued DivX in its state of incorporation, a state where jurisdiction and proper venue are admitted and one where DivX might reasonably expect to be sued. Accordingly, DivX has no claim that Archos' first-filed action in Delaware was either anticipatory or vexatious. As the Court explained in *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264 (C.D. Cal. 1998):

> ...a declaratory action is an appropriate vehicle to "alleviate the necessity of waiting indefinitely for a patent owner to file an infringement action."

*Id.* at 272, quoting *KPR, Inc. v. C & F Packaging Co., Inc.*, 1993 WL 726236 (N.D. Tex. 1993).

In contravention of the policies on which the "first-to-file" rule is based, DivX's second-filed infringement action multiplies litigation. The purpose of the second-filed San Diego action was not to shield DivX from an unfair threat of a trademark non-infringement declaratory judgment action, but an attempt to remove ongoing litigation from a proper and fair forum. Moreover, it was done, as will be explained more fully below, in a manner to deceive Archos and its counsel and mislead this Court.

Accordingly, it is appropriate for the Court to dismiss, transfer, or stay this action in favor of the first-filed declaratory judgment action instituted by Archos on October 28, 2004, before the Delaware United States District Court. The Delaware action was filed first, the parties are similar, and both lawsuits arise out of the same facts and involve similar issues. *See, e.g., Centocor, Inc. et al. v. Medimmune, Inc.*, 2002 WL 31465299 *3 (N.D. Cal. 2002) (Court noted in dismissing the second-filed action that the party filing the second action must demonstrate the existence of special circumstances to overcome the "strong presumption" in favor of the first-filed action); *Alioto v. Hoiles*, 2004 WL 2326367 *6 (N.D. Cal. 2004) (Court noted in transferring the second-filed action to the Court of the first-filed action that "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties"); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (Ninth Circuit observed in upholding the District Court's stay of the later-filed action that "when a District Court has jurisdiction over all parties involved, it may enjoin later-filed actions").

### POINT III

### DIVX FAILED TO DISCLOSE THE EARLIER RELATED ACTION TO THIS COURT AND ACTED MISLEADINGLY

Southern District of California Local Civil Rule 83.1 provides for an imposition of sanctions for noncompliance with its provisions including the imposition of monetary

sanctions. Local Civil Rule 40.1(e) provides, in relevant part, as follows:

> Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or state court ... **counsel shall promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related**, together with a brief statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies. ... **This is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding** but also applies after the date of filing whenever counsel learns of a related action or proceeding (emphasis added).

Civil Rule 40.1(f) provides that two actions are related where both 1) involve some of the same parties and are based on the same or similar claims, or 2) involve the same property, transaction, or event, or 3) involve substantially the same facts and same questions of law.

DivX and its counsel, Shaun P. Martin, filed this second action in an attempt to manipulate the litigation process and mislead this Court. They did not file a notice of related cases. Instead, they filed a civil cover sheet which failed to disclose the existence of the first-filed related action. This failure to disclose the related action could not be due to an inadvertence of the appropriate line in the civil cover sheet because Mr. Martin typed the word "judge" in this space. It thus seems indisputable that, notwithstanding awareness that the cover sheet required disclosure of the related action, DivX and its counsel failed to do so.

As further evidence that the second-filed San Diego action was filed in bad faith, Archos calls attention to the sequence of events regarding DivX's second request for an extension of time to answer the Delaware action. As described in the Rigler Declaration, counsel for DivX requested an initial extension of time to answer the Delaware complaint to December 1, 2004. This request was granted immediately.

Thereafter, Archos' counsel attempted to see if the dispute could be resolved expeditiously and amiacably. Archos' counsel offered to fly to San Diego to meet with

-8-
Memorandum Of Points And Authorities In Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 8 of 10                                                                04cv2386

Mr. Martin on November 30, 2004. Mr. Martin accepted. On November 29, the day before the conference and two days before the answer in Delaware pursuant to the first extension was due, Mr. Martin requested a second extension of time in which to answer the Delaware action. In his e-mail seeking the second extension Mr. Martin stated:

> " . . . I'd appreciate the opportunity to not have to respond to the complaint the day after our conversation."

Mr. Martin requested the DivX answer in Delaware not be due until December 15. This request also was granted. It would not have been if Mr. Martin had disclosed his intent to file the second action on November 30, 2004. Neither would Archos' counsel have flown to San Diego to meet with Mr. Martin on the morning of November 30. No progress toward resolution was made during the morning meeting, but at noon of the very same day, the San Diego action was filed in U.S. District Court.

The failure to notify this Court of the related action, especially in light of the awareness of the requirement for disclosure warrants the imposition of sanctions against DivX and its counsel. *See Fields v. Gates*, 184 F.R.D. 342 (C.D. Cal. 1999), in which the Court imposed sanctions of a mandatory course in ethics and professional responsibility and payment to defendants of the cost of prosecuting motions where counsel had filed a false civil cover sheet. *See also Bolivar v. Pocklington*, 975 F.2d 28 (1st Cir. 1992). The bad faith nature of the failure to disclose is heightened by the misleading request for a second extension of time to answer the Delaware complaint.

### CONCLUSION AND RELIEF

For all the foregoing reasons, defendant, Archos, Inc., respectfully requests this Court dismiss the complaint of plaintiff, DivXNetworks, Inc., for lack of personal jurisdiction and abuse of the litigation process in trying to circumvent the "first-to-file" rule. Alternatively,

Archos requests this Court transfer this action, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), to the United States District Court for the District of Delaware or stay this lawsuit pending resolution of the trademark non-infringement declaratory judgment action presently pending before the United State District Court for the District of Delaware.

Archos further moves that DivX, and its counsel, be required to pay Archos' attorney fees and expenses incurred in connection with this motion. Archos requests leave to supplement this filing to specify such amounts upon completion of briefing and any argument.

Dated: December 17, 2004

_____
Douglas W. Rigler
drigler@young-thompson.com
YOUNG & THOMPSON
745 South 23rd Street
Arlington, VA 22202
Tel: (703) 521-2297
Fax: (703) 685-0573

Charles F. Reidelbach, Jr. (Local Counsel)
State Bar No. 167482
reidelbach@higgslaw.com
Phillip C. Samouris
State Bar No. 163303
samouris@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410
**Attorneys for Defendant, Archos, Inc.**

TO: See Attached Certificate of Service

-10-
Memorandum Of Points And Authorities In Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions