Case 1:05-cv-00240-JJF   Document 20-10   Filed 04/25/2005   Page 1 of 7

Charles F. Reidelbach, Jr., State Bar No. 167482    (Space Below Reserved for Filing Stamp Only)
Phillip C. Samouris, State Bar No. 163303
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Douglas V. Rigler
YOUNG & THOMPSON
745 South 23rd Street
Arlington, Virginia 22202
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

Attorneys for Defendants ARCHOS, INC.

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIVXNETWORKS, INC., | ) | CASE NO. 04 CV 2386 L (BLM) |
| Plaintiff, | ) ) ) | DECLARATION OF DOUGLAS V. RIGLER IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY ACTION AND FOR IMPOSITION OF SANCTIONS |
| v. | ) ) ) | |
| ARCHOS, INC. and ARCHOS S.A.,* | ) ) ) | |
| Defendants. | ) ) ) | Date: January 31, 2005<br>Time: 10:30 AM<br>Courtroom: 14 – Fifth Floor |
| | ) ) | Date Complaint Filed: November 30, 2004 |

I, Douglas V. Rigler, declare as follows:

1.  I am one of the attorneys representing defendant, Archos, Inc. ("Archos") in

---

\* Archos S.A. has not been served with the complaint in this action as of the date of this filing.

-1-

Declaration Of Douglas V. Rigler In Support Of Notice Of Motion And Motion To Dismiss, Transfer, Or Stay Action And For Imposition Of Sanctions
Page 1 of 5                                                                                           04cv2386

1. the above-captioned action. I submit this declaration in support of Archos' Motion To Dismiss Or Alternatively Transfer Or Stay Action. The facts stated herein either are personally known to me or are supported by reasonable investigation.

2. On August 2, 2004, Kimberly Johnson, Manager of Branch/IP Defense at DivX Networks Inc. wrote to Henri Crohas asserting that Archos has made, and continues to make unauthorized use of the "DivX®" registered trademark and certain DivXNetworks, Inc. ("DivX") intellectual property (Exhibit A).

3. On August 29, 2004, Henri Crohas replied to Ms. Johnson stating that due to French holidays he had not received her letter until recently and requested an explanation as to how Archos was making the alleged unauthorized use of the DivX trademarks (Exhibit B).

4. On August 30, 2004, Ms. Johnson replied again asserting that Archos was engaged in unauthorized use of the DivX trademark and requesting that Archos immediately cease all "unauthorized activities". Ms. Johnson's letter, however, did not respond to Mr. Crohas's request for additional information (Exhibit C).

5. On September 5, 2004, Mr. Crohas again wrote to Ms. Johnson, stating that he did not see how Archos would make any unauthorized use of the DivX trademark and requesting clarification and a description of the alleged unauthorized use (Exhibit D).

6. Ms. Johnson never replied. However, on October 1, 2004, Ms. Johnson (this time under the title Manager/Intellectual Property) sent a number of identical letters to customers and potential customers of Archos, Inc. alleging that these customers' retailers made and continued to make unauthorized use of the DivX® registered trademark. (Exhibit E).

7. Thus, as of early October, 2004, Archos had to address customer concerns and potential loss of business with respect to the threat being made by DivX, while on the other hand, Archos was unable to obtain any information or enter into any kind of dialogue with DivX with respect to the generalized assertions of unauthorized use.

8. As a result of DivX's communications to Archos' clients, coupled with DivX's failure to respond to Mr. Crohas, Archos, Inc. determined that its sales to U.S. customers (including sales of a new product line which had been accused by DivX notwithstanding that the line had not been released and, therefore, that DivX had not even seen the packaging it was accusing) required Archos to initiate suit for a declaratory judgment of non-infringement. Otherwise, by refusing to enter discussions with Archos while simultaneously threatening Archos' customers, and demanding that they abandon purchases from Archos, DivX would continue to inflict substantial harm on Archos.

9. Accordingly on October 29, almost eight weeks after Mr. Crohas's request for clarification and discussion had been ignored, Archos filed suit for declaratory judgment for non-infringement in the United States. District Court in Delware, where DivX Networks, Inc. is incorporated (Exhibit F).

10. In an attempt to resolve this matter expeditiously, if possible, I advised Jordon Greenhall, CEO of DivX and Shahi Ghanem, President of DivX of the filing of this suit indicating a willingness to discuss with DivX, and/or its attorneys prompt resolution of the matter without the necessity and expense of full-scale litigation.

11. On November 10, 2004, I received a telephone call from Shaun P. Martin, who identified himself as counsel for DivX. Mr. Martin asked that Archos agree to extend DivX's time to answer Archos' complaint in the Delaware action until December 1, 2004, to which I promptly consented (Exhibit G).

12. On November 16, 2004, I contacted Mr. Martin, requesting him to telephone me to schedule a meeting to discuss an amicable resolution of this matter (Exhibit H). Mr. Martin responded and we agreed to a meeting of non-principals at his San Diego office on November 30, 2004 (Exhibit I).

13. On November 29, the day before our scheduled meeting, Mr. Martin contacted my office to confirm our meeting time the next morning and to request a second extension of time for DivX to respond to Archos' Delaware complaint until December 15, 2004 (Exhibit J). The reason given by Mr. Martin for the additional extension was

"... in light of our meeting, <u>I'd appreciate the opportunity to not have to respond to the complaint the day after our conversation.</u>" (emphasis added)

Archos agreed to the extension. (Exhibit K).

14. Immediately after the termination of our meeting on the morning of November 30, and notwithstanding his request for forbearance on the day of <u>and after</u> the meeting, Mr. Martin filed the instant trademark infringement action before this Court at 12:00 noon on November 30, 2004 (Exhibit L).

15. At no time, either in connection with the two extensions of time Mr. Martin requested in order to file a response in the Delaware action, nor in his meeting with me on November 30, did he disclose any intent to file duplicate litigation in the Southern District of California. If he had done so, I would not have agreed to the second extension which Mr. Martin sought; nor would I have traveled to San Diego to meet Mr. Martin.

16. The Civil Cover Sheet accompanying the Complaint in this action makes no reference to the first-filed declaratory judgment action instituted on behalf of Archos, Inc., on

-4-
Declaration Of Douglas V. Rigler In Support Of Notice Of Motion And Motion To Dismiss, Transfer, Or Stay Action And For Imposition Of Sanctions
Page 4 of 5                                                                                                                04cv2386

1  October 29, 2004, before the United States District Court for the District of Delaware in order to protect its business interests (Exhibit M).

17. The Complaint in this action pleads a lengthy chronology of events and does not make any reference to the earlier filed Delaware action.

18. On December 15, 2004, DivX filed its Answer and Counterclaims in the first-filed Delaware action. DivX pled the identical claims as it alleged in this later action. All of the DivX claims it alleged in this action are now pending in the Delaware Action. DivX admitted to the jurisdiction of the Delaware Court. DivX admitted that venue in Delaware is proper.

Signed under penalty of perjury of the laws of the United States.

Dated: December 17, 2004

_____
Douglas V. Rigler

Young & Thompson
745 South 23rd Street, Suite 200
ARLINGTON, VA 22202
(703) 521-2297

TABLE OF CONTENTS OF EXHIBITS
TO DECLARATION OF DOUGLAS V. RIGLER IN
SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS,
TRANSFER, OR STAY ACTION AND FOR IMPOSITION OF SANCTIONS

| LETTER | EXHIBIT | Page |
|---|---|---|
| A | August 2, 2004 Letter from Kimberly Johnson, Manager of Brand/IP Defense, DivXNetworks, Inc. ("DivX") addressed to Henry Crohas, Chairman and CEO of Archos SA | 1 |
| B | August 29, 2004 email from Henri Crohas of Archos SA to Kimberly Johnson of DivX | 3 |
| C | August 30, 2004 letter from Kimberly Johnson, Manager, Intellectual Property of DivX to Henri Crohas of Archos SA | 4 |
| D | September 5, 2004 email from Henri Crohas of Archos SA to Kimberly Johnson of DivX | 6 |
| E | October 1, 2004 letters from Kimberly Johnson, Manager, Intellectual Property of DivX addressed to Tweeter, Wal-Mart Stores, Inc., and Buy.com | 7 |
| F | October 27, 2004 Complaint for Declaratory Judgment of Trademark Non-Infringement and Tortious Interference filed on October 28, 2004 by Archos, Inc. against DivX before the United States District Court for the District of Delaware | 10 |
| G | Stipulation and Order to Extend Time granted by Archos Inc. to DivX filed November 19, 2004 in the United States District Court for the District of Delaware | 22 |
| H | November 16, 2004 email from Douglas V. Rigler, counsel for Archos, Inc. and Archos S.A. addressed to Shaun Martin, counsel for DivX requesting Mr. Martin to call Mr. Rigler | 23 |
| I | November 17, 2004 email from Shaun Martin, counsel for DivX to Douglas Rigler, counsel for Archos, Inc. and Archos SA confirming counsels' agreement to engage in settlement discussions on November 30, 2004, at Mr. Martin's office in San Diego | 24 |

| | | |
|---|---|---|
| J | November 29, 2004 email from Shaun Martin counsel for DivX to Douglas Rigler, counsel for Archos, Inc. and Archos SA, confirming counsels' November 30, 2004 meeting and requesting a second extension of time for DivX to respond to Archos, Inc.'s Complaint filed October 28, 2004, before the United States District Court for the District of Delaware................................................25 |
| K | Stipulation and Order to Extend Time filed December 1, 2004, extending DivX's time to respond to Archos, Inc.'s Complaint before the United States District Court for the District of Delaware to December 15, 2004 ..............................................................26 |
| L | DivX's Complaint filed November 30, 2004, at 12:00 pm against Archos, Inc. and Archos SA before the United States District Court for the Southern District of California ........................................27 |
| M | Civil Cover Sheet and Summons filed November 30, 2004, at 11:59 am and 12:00 pm, respectively, by DivX before the United States District Court for the Southern District of California ......................38 |