```
 1  SHAUN P. MARTIN, ESQ. (Bar No. 158480)
    University of San Diego School of Law
 2  5998 Alcala Park, Warren Hall
    San Diego, CA 92110
 3  (619) 260-2347
    FAX: (619) 260-7933
 4  smartin@sandiego.edu

 5  DAVID J. RICHTER, ESQ. (Bar No. 165694)
    JOHNNY Y. CHEN, ESQ. (Bar No. 198469)
 6  DivXNetworks, Inc.
    4780 Eastgate Mall
 7  San Diego, CA 92121
    (858) 882-0600
 8  FAX: (858) 882-0601

 9  Counsel for Plaintiff
```

FILED
04 NOV 30 PM 12:00

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVXNETWORKS, INC., | CASE NO. '04 CV 2386 L (BLM) |
| Plaintiff, | COMPLAINT |
| v. | |
| ARCHOS, INC. and ARCHOS S.A., | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff DivXNetworks, Inc. ("DivXNetworks"), for its complaint herein, alleges as follows:

**Jurisdiction**

1. Federal subject matter jurisdiction exists in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

COMPLAINT

Exhibit L
Page 27

## The Parties

2. Plaintiff DivXNetworks is a Delaware corporation with its principal place of business in San Diego, California.

3. Defendant Archos, Inc. is a California corporation with its principal place of business in Irvine, California.

4. Defendant Archos, S.A. is a French corporation with its principal place of business in Igny, France.

5. Archos, Inc. is a subsidiary of Archos, S.A. Defendants have engaged in each of the activities complained of herein both individually and through agents acting on their behalf and within the scope of their authorization and employment, and have further engaged in each of these activities collectively and pursuant to the agreement of each of the defendants, and in furtherance of a common and agreed-upon plan. The acts alleged to have been undertaken by the defendants herein were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, or directed, and/or were actions that each defendant assisted, participated in, or otherwise encouraged. Each defendant aided and abetted the actions of each other defendant, and each defendant had knowledge of those actions and provided assistance and benefitted from those actions, in whole or in part. Defendants Archos, Inc. and Archos, S.A. are collectively referred to as "Archos" herein.

## Facts Common to All Claims

6. DivXNetworks is a well-respected source of technology utilized in, among other things, the compression and distribution of digital video data. DivXNetworks developed, licenses, and distributes "DivX," which is the brand name of one of the world's leading video compression technologies. DivX software compresses digital video down to a size that is easily transported over the internet – or efficiently

downloaded to a computer or portable digital video device with limited storage capacity – and allows the subsequent decompression of this data without any reduction in the video's visual quality. Over 120 million people have downloaded DivX to create or watch high-quality DivX-encoded content (often, DivX-encoded movies). Over a billion video files exist that utilize the DivX codec – short for **c**ompression/**dec**ompression – technology.

7. DivXNetworks has spent and continues to spend substantial amounts of time, money and effort in the development, preparation, improvement, quality control, and distribution of DivX. As a result, both DivXNetworks and DivX are well-known and highly respected by the public, particularly by those individuals who seek to watch digital video files – or who seek to purchase video devices that are capable of displaying digital video files – that have been compressed through the use of DivX.

8. DivXNetworks owns, <u>inter alia</u>, the registered trademarks "DivX" and "DivX Certified" (including Registration Nos. 2,671,143, 2,712,971, & 2,857,603), and utilizes these marks in the United States in connection with its business (the "Registered Marks"). The Registered Marks are recognized by the public as a brand identifier for products that are either produced and distributed directly by DivXNetworks or that have been certified by DivXNetworks as compatible with the technology employed by DivX and as to which the producers of those products have obtained, after extensive testing and certification of their product by DivXNetworks, a license to use the Registered Marks (particularly, "DivX") from DivXNetworks. The Registered Marks serve as important and distinctive representations of the origin of products produced by, affiliated with, or distributed alongside the products of DivXNetworks, and assure customers that products that bear the Registered Marks are compatible and interoperable with digital video files to which DivX compression has been applied. DivXNetworks has spent, and continues to spend, vast amounts of time, effort, and money to ensure that the valuable goodwill generated by the Registered Marks and the assurances that they provide to consumers is not diminished by the use of these Registered Marks by products that are not genuinely compatible with DivX compression; <u>e.g.</u>, by products that will not play files compressed

with DivX or that will tarnish the reputation of DivXNetworks and/or the Registered Marks.

9. Archos is a publicly traded multinational corporation that manufactures, sells, and distributes, inter alia, portable handheld devices designed to play compressed digital video files that have been downloaded from the internet and/or a home computer. These Archos products include, among others, the AV120 Video Recorder, the AV140 Video Recorder, the AV320 Video Recorder, the AV340 Video Recorder, the AV380 Video Recorder, the Pocket Video AV420, the Pocket Video AV480, the Jukebox Multimedia Player, the Gmini 400, and the Archos AV500 Series (the "Infringing Products").

10. Archos advertises, distributes, and sells the Infringing Products in interstate commerce in the United States through the use of the Registered Marks owned by DivX without the consent of DivXNetworks and with the intent of capitalizing on the goodwill of DivXNetworks in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Archos with DivXNetworks, and to imply that DivXNetworks has originated, sponsored, certified, approved, licensed, or is affiliated with Archos and with the Infringing Products, and engages in conduct that is designed to and does contribute to such infringing conduct.

11. Archos further advertises, describes, and promotes the sale of the Infringing Products in commercial advertising and promotions through use of the Registered Marks alongside untrue and misleading descriptions and representations of fact regarding the nature, characteristics, and qualities of the Infringing Products. The false and misleading statements made by Archos in the commercial advertising and promotion of the Infringing Products include, inter alia, claims that the Infringing Products are compatible with DivX and that the Infringing Products play or read DivX-encoded files (the "False Advertising Statements").

12. The False Advertising Statements are literally untrue as well as misleading, deceptive, and are likely to cause consumer deception, mistake, and confusion. Archos is

1  well aware that the Infringing Products are not, in fact, compatible with DivX and do not
2  properly read or play DivX-encoded files. Consumers who have purchased the Infringing
3  Products in reliance upon the False Advertising Statements have repeatedly informed
4  Archos that the unlicensed Infringing Products are not compatible with and do not
5  properly read or play DivX files. For example, one consumer of an Infringing Product
6  stated that "the ability to playback DivX has only worked once for the 100 or so files I
7  have put into the machine. As far as Archos support goes, this is a joke." Another
8  professional reviewer of the Infringing Products stated: "When it comes to playing back
9  existing DivX movies, [the Infringing Product] also stumbles. Archos says that it'll play
10 back DivX and XviD movies, but we couldn't get it to play any from our collection
11 properly. And therein lies the problem with this device."

12     13.    DivXNetworks has repeatedly informed Archos that it has engaged in the
13 unauthorized use of the intellectual property of DivXNetworks, including the Registered
14 Marks, and had demanded the cessation of the unauthorized infringement and the False
15 Advertising Statements. Nonetheless, Archos continues to infringe the Registered Marks
16 and continues to make and disseminate the False Advertising Statements. Through these
17 actions, Archos has intentionally sought to cause consumer deception, mistake, and
18 confusion, and has knowingly and deliberately engaged in such illegal conduct.

Count One

(Trademark Infringement -- 15 U.S.C. § 1114)

(Against Each Defendant)

24     14.    DivXNetworks realleges and incorporates by reference each allegation set
25 forth in paragraphs 1 through 13 above.
26     15.    Defendants' use of the Registered Marks as described above constitutes
27 trademark infringement pursuant to 15 U.S.C. § 1114.
28

16. Defendants' intentional and wilful infringement of the Registered Marks has caused and will continue to cause damage to DivXNetworks, and to the goodwill associated with and value of the Registered Marks, in an amount to be proved at trial.

17. Defendants' conduct has caused and continues to cause irreparable injury to DivXNetworks and to the Registered Marks in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

18. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further acts of trademark infringement, and, after trial, to recover any damages proven to have been caused by reason of defendants' acts of trademark infringement, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## Count Two

(False Designation of Origin -- 15 U.S.C. § 1125(a))

(Against Each Defendant)

19. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 18 above.

20. Defendants' use of the Registered Marks as described above is likely to cause and has caused consumers to believe mistakenly that Archos and the Infringing Products have an affiliation with DivXNetworks, that the Infringing Products are sponsored or approved of by DivXNetworks, or that Archos and the Infringing Products are otherwise associated with or have obtained permission from DivXNetworks.

21. Defendants' conduct has and will continue to cause damage to DivXNetworks and to its business in an amount to be proved at trial.

22. Defendants' conduct has caused and continues to cause irreparable injury to DivXNetworks in an amount that cannot be ascertained at this time and, unless restrained,

1  will cause further irreparable injury and that will leave DivXNetworks with no adequate
2  remedy at law.
3      23.  By reason of the foregoing, DivXNetworks is entitled to preliminary and
4  permanent injunctive relief against defendants that restrains each of them from engaging
5  in further acts of false designation of origin, sponsorship, or approval, and, after trial, to
6  recover any damages proven to have been caused by reason of defendants' acts of false
7  designation, as well as recovery of statutory damages, interest, and costs and attorneys'
8  fees.

## Count Three

### (False Advertising -- 15 U.S.C. § 1125(a))

### (Against Each Defendant)

14     24.  DivXNetworks realleges and incorporates by reference each allegation set
15 forth in paragraphs 1 through 23 above.
16     25.  Defendants have used and continue to use the Registered Marks and to
17 make and disseminate the False Advertising Statements as described above in commercial
18 advertising and promotion, thereby misrepresenting the nature, characteristics, and
19 qualities of their or another person's goods, services, or commercial activities.
20     26.  Defendants' conduct has and will continue to cause damage to
21 DivXNetworks and to its business, in an amount to be proved at trial.
22     27.  Defendants' conduct has caused and continues to cause irreparable injury to
23 DivXNetworks in an amount that cannot be ascertained at this time and, unless restrained,
24 will cause further irreparable injury and that will leave DivXNetworks with no adequate
25 remedy at law.
26     28.  By reason of the foregoing, DivXNetworks is entitled to preliminary and
27 permanent injunctive relief against defendants that restrains each of them from engaging
28 in further misuse of the Registered Marks and dissemination of the False Advertising

Statements, as well as further equitable relief that requires restitution and remedies to dispel the effect of the False Advertising Statements, and, after trial, to recover any damages proven to have been caused by reason of defendants' misuse of the Registered Marks and dissemination of the False Advertising Statements, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## Count Four
### (State Law Trademark Infringement & Unfair Competition)
### (Against Each Defendant)

29. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 28 above.

30. The acts of defendants described above constitute trademark infringement and unfair competition in violation of the statutes and common law of California, as well as violations of Cal. Bus. & Prof. Code § 17200 et seq.

31. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further trademark infringement and unfair competition and requiring disgorgement and restitution of all proceeds unjustly obtained by defendants as a result of their illegal acts, and, after trial, to recover any damages caused by reason of defendants' acts of trademark infringement and unfair competition, as well as recovery of interest, costs and attorneys' fees.

## Count Five

(State Law False Advertising)

(Against Each Defendant)

32. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 31 above.

33. The acts and False Advertising Statements of defendants described above constitute false advertising in violation of the statutes and common law of California, as well as violations of Cal. Bus. & Prof. Code § 17500 et seq.

34. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against defendants that restrains each of them from engaging in further false advertising and requiring disgorgement and restitution of all proceeds unjustly obtained by defendants as a result of their illegal acts, and, after trial, to recover any damages caused by reason of defendants' acts of false advertising, as well as recovery of interest, costs and attorneys' fees.

## Count Six

(Declaratory Relief)

(Against Each Defendant)

35. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 34 above.

36. There is an actual and existing controversy between DivXNetworks and Archos regarding whether Archos is obligated to pay to DivXNetworks, pursuant to state or federal law and/or the agreement of the parties, a reasonable royalty for each sale of an Infringing Product or other device designed or enabled to play DivX compressed files, or a subset of these devices. DivXNetworks contends that payment of such a reasonable

1 | royalty is required; however, Archos disagrees, and has refused to pay (and has not paid)
2 | such a reasonable royalty for all such products sold.

3 | 37. DivXNetworks accordingly seeks a declaration of the respective rights and
4 | liabilities of the parties regarding the payment of such a reasonable royalty, as well as an
5 | accounting and judicial declaration of all reasonable royalty payments currently due and
6 | owing to DivXNetworks from Archos and not yet paid.

DATED: November 30, 2004     By_____
                              Shaun P. Martin
                              Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: November 30, 2004

By _____
Shaun P. Martin
Counsel for Plaintiff