```
 1  SHAUN P. MARTIN, ESQ. (Bar No. 158480)
    University of San Diego School of Law
 2  5998 Alcala Park, Warren Hall
    San Diego, CA 92110
 3  (619) 260-2347
    FAX: (619) 260-7933
 4  smartin@sandiego.edu

 5  DAVID J. RICHTER, ESQ. (Bar No. 165694)
    JOHNNY Y. CHEN, ESQ. (Bar No. 198469)
 6  DivX Networks, Inc.
    10350 Science Center Drive, Suite 140
 7  San Diego, CA 92121
    (858) 909-5300
 8  FAX: (858) 909-5301

 9  Counsel for Plaintiff

10

11            UNITED STATES DISTRICT COURT FOR THE

12                 SOUTHERN DISTRICT OF CALIFORNIA

13

14  DIVXNETWORKS, INC.,             )  CASE NO. 04 CV 2386 L (BLM)
                                    )
15             Plaintiff,           )  DECLARATION OF LISA DEHAINE IN
                                    )  SUPPORT OF OPPOSITION TO MOTION
16      v.                          )  TO DISMISS, TRANSFER OR STAY
                                    )
17  ARCHOS, INC. and ARCHOS S.A.,   )  Date: January 31, 2005
                                    )  Time: 10:30 a.m.
18             Defendants.          )  Ctrm: 14
                                    )
```

DEHAINE DECLARATION OPPOSITION TO MOTION TO DISMISS - 04cv2386

**Declaration of Lisa Dehaine**

I, Lisa Dehaine, declare as follows:

1. I reside in the State of California and am employed by plaintiff DivXNetworks, Inc. ("DivX") in this action. I make the following declaration based upon facts that are either personally known to me or are supported by reasonable investigation, and if called and sworn as a witness, I could and would testify as to each of them.

2. The claims against Archos, S.A. in this action are substantial ones. Archos is also the parent corporation of Archos, Inc. ("Archos") and a much larger entity than Archos. Archos S.A. is also the defendant with heightened exposure in this action, particularly given the previous business relationship between Archos S.A. and DivX in previous years. Moreover, many of the additional claims that DivX believes discovery in this action will likely reveal, including claims for copyright infringement and theft of trade secrets, may well be principally, if not exclusively, asserted against Archos S.A.

3. None of the events at issue in this lawsuit occurred in Delaware. Delaware has nothing at all to do with the disputes between DivX, Archos, and Archos S.A. DivX does not have any employees in Delaware, and from my investigation, it appears that Archos and Archos S.A. also have no employees in Delaware either.

4. Virtually every single act relevant to the disputes between the parties occurred not in Delaware, but in California. We contend in this action, and I believe, that Archos engaged in the acts of trademark infringement alleged in the present Complaint in California. California is also the state in which Archos has its corporate headquarters, principal place of business, and virtually all of its employees.

5. Count One of the Delaware action – which seeks a declaratory judgment of non-infringement – arose in California from the same California activities that gave rise to the claims of trademark infringement.

-1-

1  6.  Count One of the Delaware action particularly grounds its claim for declaratory relief on the fact that DivX mailed Archos letters from DivX's corporate headquarters, which are in San Diego, California, to Archos, whose U.S. corporate headquarters are also in California, that threatened a trademark infringement suit. These two letters are attached by Archos as Exhibits A and C to the Declaration of Douglas V. Rigler filed in support of Archos' motion.

7.  Count Two of the Delaware action, which asserts a claim for tortious interference, similarly arose in California when DivX (located in California) sent a cease and desist letter from its corporate headquarters (in San Diego) to the corporate headquarters of Buy.com in Alijo Viejo, California, and which allegedly resulted in harm to a California corporation (Archos) with its principal place of place of business in California.

8.  Both Archos and DivX have their headquarters and sole facilities in southern California; nearly all of the employees of both parties reside in California; and neither of the parties have any employees in Delaware.

9.  The central – and virtually exclusive – locus of both Archos and DivX is southern California. It would thus be substantially more convenient for *both* of the parties to litigate in the Southern District of California rather than Delaware. The Southern District of California is less than 100 miles from the location of both Archos' corporate headquarters and virtually all of its employees in Irvine, California. The corporate headquarters of Archos and DivX are separated by less than 75 miles, and are both located in southern California.

10.  The infringement claim in this matter will likely rely heavily upon the following documents, all of which are in California: (1) the voluminous documents produced and possessed by Archos in which it employs and utilizes the DivX® trademark, (2) the many documents possessed by Archos that reflect its claims regarding the compatibility of its products with DivX®, as well as the many Archos documents that establish the accuracy (or inaccuracy) of those claims; (3) the Archos documents relevant to the volume of sales of alleged DivX®-compatible Archos products, the benefit of purported DivX® compatibility in the sales of these products, and the wilfulness of Archos' infringement, and (4) the many documents possessed by DivX regarding the extent, value and validity of the DivX® trademark.

11. The documents possessed by Archos and Buy.com – both of which are in California – regarding the disruption of their business relationship and the extent of resulting damages will be critical to the infringement claim and Archos' claim of tortious interference.

12. All of the above-described documents are in California. None are in Delaware.

13. The contemporary dispute between DivX and Archos began when DivX wrote a cease-and-desist letter to Archos on August 2, 2004, in which it accused Archos of trademark infringement, threatened litigation on this basis, and demanded a "settlement for the known infringement." Archos did not promptly respond to this August 2, 2004 communication; instead, it waited until August 29, 2004, and when it finally did respond, it merely expressed confusion, and consisted of a very brief e-mail that was essentially nonresponsive to our communication and claimed not to understand why Archos was infringing the trademarks owned by DivX.

14. DivX immediately responded to this e-mail by sending another lengthy letter on August 30, 2004, that explained our various claims and again asserting trademark infringement and demanding a settlement. When Archos again sent an e-mail in reply that feigned confusion, DivX sent similar cease-and-desist letters to various entities that sold or sell Archos' infringing products, including the letter to Buy.com of October 1, 2004.

15. The communications between DivX and Archos, as well as between DivX and other entities relating to Archos' infringing products, were cut short when, on October 29, 2004, without any warning or communication from Archos, DivX was served with the Delaware declaratory judgment action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of January, 2005, in San Diego, California.


Lisa Dehaine

VIA FAX

-3-