Charles F. Reidelbach, Jr., State Bar No. 167482
Phillip C. Samouris, State Bar No. 163303
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Douglas v. Rigler
YOUNG & THOMPSON
745 South 23rd Street
Arlington, Virginia 22202
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

Attorneys for Defendant ARCHOS, INC.

# IN THE UNITED STATES DISTRICT COURT FOR

# THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVXNETWORKS, INC., <br><br>Plaintiff, <br><br>v. <br><br>ARCHOS, INC. and ARCHOS S.A.,[1] <br><br>Defendants. | CASE NO. 04 CV 2386 L (BLM) <br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS OR ALTERNATIVELY TRANSFER OR STAY ACTION AND FOR IMPOSITION OF SANCTIONS** <br><br>Date: January 31, 2005 <br>Time: 10:30 AM <br>Courtroom: 14 – Fifth Floor <br><br>Date Complaint Filed: November 30, 2004 |

---

[1] Archos S.A. has not been served with the complaint in this action as of the date of this filing.

-1-

Young & Thompson
745 South 23rd Street, Suite 200
ARLINGTON, VA 22202
(703) 521-2297

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . 5

II. ARGUMENT . . . . . . . . . . 6

POINT I NO EXCEPTION EXISTS WHICH REQUIRES DEVIATION FROM APPLICATION OF THE "FIRST-TO-FILE RULE" . . . . . . . . . . 6

A. Convenience Of The Parties Does Not Justify Deviation From Application Of The First-To-File Rule . . . . . . . . . . 7

B. As The Facts Demonstrate, The Anticipatory Suit Exception Is Inapplicable . . . . . . . . . . 9

C. Archos Did Not Engage In Forum Shopping Justifying Departure From the Application Of The First-To-File Rule . . . . . . . . . . 11

POINT II PERSONAL JURISDICTION EXISTS IN DELAWARE, BUT NOT BEFORE THIS COURT . . . . . . . . . . 11

A. The Southern District of California Does Not Possess Jurisdiction Over Either Defendant . . . . . . . . . . 12

B. Jurisdiction Exists In Delaware . . . . . . . . . . 13

POINT III SANCTIONS ARE WARRANTED . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 81 L.Ed. 617 (91937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Alltrade Inc. v. Uniweld Products, Inc.* 946 F.2d 622, 625 (9th Cir. 1991) . . . . . . . . . . . 6

*Applied Vision Inc. v. Optical Coating Lab., Inc.*, No. C 97-1233, 1997 WL 601425, *2 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Beeman v. TDI Managed Care Services, Inc.*, 2004 WL 1576610, *2 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002) . . . . . 10

*Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001) . . . . . . . . . . . . . . . . 10

*Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 15

*City of Arcadia, v. United States Environmental Protection Agency*, 265 F. Supp. 2d 1142, 1157 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Com Systems, Inc. v. Nahmad*, 1991 WL 7602, *4 (9th Cir. 1991) . . . . . . . . . . . . . . . . 7

*Denmark v. Tzimas*, 871 F Supp. 261, 267 (E.D. La. 1994) . . . . . . . . . . . . . . . . . . . . 12

*Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075-77 (9th Cir. 2003) . . . . . . . 13

*General Signal Corporation v. Applied Materials Inc.*, 1995 WL 569620 (D. Del. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Goodwin v. Best Plan International, Ltd.*, 2004 WL 1924147 (N.D. Cal 2004) . . . . . 6, 12

*Graham v. United States*, 231 U.S. 474, 480 (34 S.Ct. 148, 151, 58 L.Ed. 319) . . . . . . 7-8

*Knedlik v. Lincoln Institute of Land Policy*, 1989 WL 96434, *4 (9th Cir. 1989) . . . . . 7

*Pacesetter System, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96-97 (9th Cir. 1982) . . . 7, 8, 11

*Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 804 (9th Cir. 2004) . . 12

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195-98 (9th Cir. 1988) . . . . . . . . . 12

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d, 938, 943 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

-3-

Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 3 of 15                                                                                                      04cv2386

*White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 379 F.3d 1120,
    1127 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Other Authorities**

Constitutional Provisions

U.S. Constitution, Article III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statutory Sections

28 U.S. Code § 1391(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14, 15

-4-

Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions

## INTRODUCTION

The 25-page Opposition of DivXNetworks, Inc. ("DivX"), replete with approximately 50 case citations, cannot obfuscate the basic facts surrounding this unnecessary and later-filed action. DivX, the plaintiff in this second suit and the defendant in the Delaware action filed six (6) weeks prior, wrote a series of letters to customers of Archos, Inc. ("Archos") throughout the United States threatening them with litigation if they sold Archos' products. The threat was based upon DivX's claim that Archos was infringing its trademarks. Archos denied infringement, but DivX refused to engage in a dialogue or to respond to Archos' request for clarification. To prevent customer erosion, Archos filed for a Declaratory Judgment of Non-Infringement in Delaware, the State in which DivX had chosen to incorporate itself.

In the interval since DivX filed this redundant action on November 30, 2004, DivX (1) answered the complaint in Delaware admitting that both jurisdiction and venue are proper; (2) filed a counter-claim in Delaware in which it asserted the identical claims being made in the second filed suit (Archos has answered the counterclaim and all issues have been joined); and (3) responded to an Order of the District Court in Delaware requiring the parties to confer, pursuant to Rule 16 Fed. R. Civ. P., by agreeing to and submitting a proposed schedule to the Court.[2]

Moreover, despite DivX's attempt to paint this dispute as a California matter, it is, in fact, a national dispute involving the question of whether Archos' reference to the DivX

---

[2] DivX's contention that the parties in Delaware have done nothing other than to file their initial pleadings is obviously incorrect.

-5-
Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 5 of 15                                                                                    04cv2386

trademark is well within the doctrine of fair use and, therefore, cannot constitute an infringement of the DivX trademark. The issue is basically of a legal nature and does not depend upon the particular location of witnesses or documents. Moreover, to the extent that witnesses and documents may be found in the Central District of California, DivX can obtain such discovery as may be warranted in that district.

The two Ninth Circuit cases cited by DivX as allegedly favoring the exercise of personal jurisdiction do not lend such support because the factors considered by the Circuit Court either are lacking or support rejection of jurisdiction. Instead, *Goodwin v. Best Plan International, Ltd.*, 2004 WL 1924147 (N.D. Cal 2004), properly states the requirement that jurisdiction must be supported by contacts sufficient to establish jurisdiction within the district. *Id.* at *2.

## ARGUMENT

### POINT I

### NO EXCEPTION EXISTS WHICH REQUIRES DEVIATION FROM APPLICATION OF THE "FIRST-TO-FILE RULE"

The first-to-file rule "should not be disregarded lightly." *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). Circumstances under which the first-to-file rule will not be applied include bad faith, anticipatory suit, and forum shopping. *Id.* at 627-28. *See also Alltrade Inc. v. Uniweld Products, Inc.* 946 F.2d 622, 625 (9th Cir. 1991). As the Ninth Circuit explained, "[t]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 750 (citation omitted).

"**The party filing the second action must demonstrate the existence of special circumstances to overcome the strong presumption in favor of the first-filed action.**"

-6-

Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 6 of 15                                                                  04cv2386

*Id.* at 1081-83 (emphasis added). *See also Applied Vision Inc. v. Optical Coating Lab., Inc.*, No. C 97-1233, 1997 WL 601425, *2 (N.D. Cal. 1997). DivX has not met its burden of demonstrating the existence of special circumstances, and cannot, because the facts do not support its position.

A. **Convenience Of The Parties Does Not Justify Deviation From Application Of The First-To-File Rule[3]**

DivX opposes application of the first-to-file rule arguing that convenience of the parties favors California (4:23-16:22). Contrary to DivX's arguments, however, it is well recognized in the Ninth Circuit that convenience is not an appropriate argument to be made before this Court in opposition to application of the first-to-file rule. *Pacesetter System, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96-97 (9th Cir. 1982). *See also Com Systems, Inc. v. Nahmad*, 1991 WL 7602, *4 (9th Cir. 1991); *Knedlik v. Lincoln Institute of Land Policy*, 1989 WL 96434, *4 (9th Cir. 1989). As the Court explained in *Pacesetter*:

> ... normally the forum non conveniens argument should be addressed to the court in the first-filed action. Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration. As the Supreme Court stated in *Kerotest*:
> > "Such apprehension implies a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure. It reflects an attitude against which we were warned by Mr. Justice Holmes, speaking for the whole Court, likewise in regard to a questions of procedure: "Universal distrust creates universal incompetence." *Graham v. United States*, 231 U.S. 474, 480 (34 S.Ct. 148, 151,

---

[3] While DivX argues, *ad nauseam*, that convenience favors litigation in California (4:23-16:22), decisions of the Ninth Circuit and the California United States District Courts obviously do not support DivX's position. It is interesting to note that, of the approximately fifty cases cited in its memorandum of points and authorities in opposition to Archos' motion, only three of the cited cases were rendered by either the Ninth Circuit or a California United States District Court. DivX's citation of authorities from throughout the nation, and clear lack of reference to California federal court decisions, undercuts DivX's arguments for retention of this case before this Court.

-7-

Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 7 of 15                                                         04cv2386

> 58 L.Ed. 319). If in a rare instance a district judge abuses the discretionary authority the want of which precludes an effective, independent judiciary, there is always the opportunity for corrective review by a Court of Appeals and ultimately by this Court. 342 U.S. at 185, 72 S.Ct. at 222.

*Pacesetter*, 678 F.2d at 96.

As this discussion makes clear, to the extent that DivX's convenience arguments are founded on the doctrine of *forum non conveniens*, these issues **"should be addressed to the court in the first-filed action,"** i.e., the United States District Court for the District of Delaware, and not here. Moreover, assuming *arguendo*, that convenience were to be considered by this Court, the facts do not point to litigation in California. On the contrary, this is a case involving nationwide sales of a product which makes non-infringing and fair use of the trademarks in suit. None of the dispositive questions are peculiar to California.

Although DivX suggests that Buy.com is the only Archos customer to which it sent intimidating cease and desist letters, the facts are otherwise. DivX sent identical letters to customers and potential customers of Archos throughout the nation. For example (and not by limitation), DivX sent letters alleging that Archos' retail customers made, and continued to make, unauthorized use of DivX® registered trademark to Tweeter (located in Canton, Massachusetts) and Wal-Mart Stores, Inc. (located in Bentonville, Arkansas), among others (Rigler Decl., December 17, 2004 Exhibit E). Expert witnesses brought in to analyze the substantive issues also may be located anywhere within the United States.

Moreover, court congestion does not favor disposition before this Court. The latest statistics from the Administrative Office of the United States Courts reveal that the filings per judge in California are 631 compared to 340 in Delaware. Also, the number of civil cases over three years old in California is 92 compared to only 66 in Delaware. Accordingly, not

only is DivX's argument regarding convenience incorrect as a matter of law, it lacks factual merit.

B.  **As The Facts Demonstrate, The Anticipatory Suit Exception Is Inapplicable**

Contrary to DivX's arguments (18:1 – 22:28), Archos' filing of the Delaware action was not anticipatory. Archos waited almost eight weeks after the parties' last communication and approximately four weeks after DivX started sending letters to Archos' customers, while refusing to respond to Archos, before Archos instituted the first-filed Delaware action (Rigler Decl. ¶¶ 2-9).

Specifically, after initial interchanges of correspondence between the parties (Rigler Decl. ¶¶ 2-4, Exs. A-C), Archos requested clarification and a description of Archos' alleged unauthorized use of DivX's trademarks (Rigler Decl. ¶ 5, Ex. 3). DivX never replied (Rigler Decl. ¶ 6). Instead, on October 1, 2004, DivX sent a number of identical letters to customers and potential customers of Archos (Rigler Decl. ¶ 6, Ex. E). It was only after waiting approximately another four weeks that Archos filed its first-filed action in Delaware. Having waited approximately eight weeks since DivX refused to communicate, it cannot be argued that Archos' first-filed declaratory judgment action was anticipatory. Archos was exposed to customer erosion and, in light of DivX's failure to communicate, Archos had no alternative except to initiate suit for declaratory judgment.

In its opposition memorandum of points and authorities, DivX refers to Archos' use of the word "imminent" in its declaratory judgment complaint. This is a smoke screen. It is well-settled pleading practice throughout the United States, and recognized law of the Ninth Circuit, that in order for a district court to entertain a case, the issues must be sufficiently ripe to be heard. As explained by the United States Supreme Court:

-9-

Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 9 of 15                                                                                           04cv2386

The Declaratory Judgment Act's 'actual controversy' requirement is analyzed just as in constitutional cases involving questions of 'actual controversy.' *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The controversy must be definite and concrete, not merely hypothetical or abstract. *Id. at 240, 57 S.Ct. 461.* The dispute must be subject to specific, conclusive relief, not advisory in nature. *Id.* at 241, 57 S.Ct. 461.

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 379 F.3d 1120, 1127 (9th Cir. 2004).

These instructions have been interpreted to mean that in order for a party to satisfy Article III's standing requirement, a declaratory judgment action complaint must demonstrate:

> (1) they suffered or will suffer an "injury in fact" that is concrete, particularized, and actual or ***imminent***; (2) the injury is fairly traceable to the Service's challenged action; and (3) the injury is likely, not merely speculative, and will be redressed by a favorable decision. *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001). Standing is determined as of the commencement of litigation. *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000).

*Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002) (emphasis added). *See also Beeman v. TDI Managed Care Services, Inc.*, 2004 WL 1576610, *2 (C.D. Cal. 2004) (recognizing that to satisfy Article III's standing limitation, the controversy must be actual or ***imminent***); *City of Arcadia, v. United States Environmental Protection Agency*, 265 F. Supp. 2d 1142, 1157 (N.D. Cal. 2003) (wherein the Court, finding the action was not ripe for review, dismissed the complaint stating that the plaintiffs had ample opportunity later to bring their legal challenge at a time when harm was more ***imminent*** and more certain).

Accordingly, DivX's assertions regarding Archos' use of the word "imminent" in pleading the first-filed declaratory judgment complaint are misleading. Archos was justified in using the term "imminent" in order to file a well-pled complaint in compliance with the standing "actual or imminent" controversy requirements of the declaratory judgment act. As

such, it can hardly be said that Archos' actions in filing its first-filed declaratory judgment complaint were anticipatory when it waited approximately eight weeks after DivX broke off communications and four weeks after DivX started attempting to damage Archos' business relations with threatening letters to Archos' customers. As the Ninth Circuit explained in *Pacesetter*:

> ...Declaratory relief is intended to serve a unique function in patent disputes, eliminating multiple litigation and protecting competitors from infringement actions that are **threatened but not pursued**.

*Pacesetter*, 678 F.2d at 97 (emphasis added). See also *Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).

### C.  Archos Did Not Engage In Forum Shopping Justifying Departure From the Application Of The First-To-File Rule

Nor can it be said that Archos engaged in forum shopping. DivX is incorporated in the State of Delaware. As the state of DivX's incorporation, it is one of the two universally recognized places in which it may be sued. DivX cannot expect to benefit from the laws of the State of Delaware but expect to avoid actions brought against it there. As the Delaware District Court explained in *General Signal Corporation v. Applied Materials Inc.*, 1995 WL 569620 (D. Del. 1995), denying a motion to transfer:

> The point is that Defendant's argument on the home turf issue implies that Plaintiff went forum shopping and chose Delaware for some reason other than the availability of jurisdiction over the Defendant whose business is centered in California. As the Court has commented in the past, it is not the forum shopping of Plaintiff that brings the parties to Delaware, but the Defendant's decision to incorporate here.

*Id.* at *1. Accordingly, DivX's forum shopping argument is devoid of merit and should be summarily dismissed.

### POINT II

# PERSONAL JURISDICTION EXISTS IN DELAWARE, BUT NOT BEFORE THIS COURT

**A. The Southern District of California Does Not Possess Jurisdiction Over Either Defendant**

DivX opposes Archos' challenge to personal jurisdiction based upon Archos' reliance upon the decision in *Goodwin v. Best Plan, International, Ltd.*, 2004 WL 1924147 (N.D.Cal. 2004), wherein the Court, citing 28 U.S.C. § 1391(c), declined personal jurisdiction and venue over the resident of another district in the State of California:

> In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State *within which its contacts would be sufficient to subject is to personal jurisdiction* if that district were a separate State … . 28 U.S.C. § 1391(c) (emphasis added).

*Goodwin*, WL 1924147 (N.D. Cal.) at *2. (emphasis added).

Thus, the Court granted the defendant's motion to dismiss concluding that personal jurisdiction within a particular district in the State of California is a necessity. *Id.*

DivX cites two Ninth Circuit cases in opposition, both of which are distinguishable. First, DivX cites *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195-98 (9th Cir. 1988), without specifying any proposition which refutes the holding of *Goodwin*. DivX's reliance on *Sinatra* is misplaced, however, inasmuch as "[t]he *Sinatra* facts are eccentric". *Denmark v. Tzimas*, 871 F Supp. 261, 267 (E.D. La. 1994). Moreover, *Sinatra* deals with the "effects" test for finding personal jurisdiction based upon events that are "*expressly* calculated to cause injury in California". *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 804 (9th Cir. 2004) (emphasis added).

Here, as set forth in Archos' original papers, the facts do not support a finding of personal jurisdiction before this District. As noted in the Declaration of Brad Wallace, Chief

-12-
Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 12 of 15                                                                                       04cv2386

Operations Officer of Archos, in support of Archos' original motion papers, Archos conducts no business and has no customers within the jurisdiction of this Court, i.e., in either Imperial or San Diego Counties. Accordingly, jurisdiction does not, and cannot, be found to exist over Archos before this Court. Moreover, inasmuch as Archos S.A. has not even been properly served with the complaint in this action, this Court possesses no jurisdiction over either defendant.

DivX also cites *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075-77 (9th Cir. 2003), to assert that jurisdiction before this Court is proper. However, once again DivX's reliance is misplaced. As the Court noted in *Gator.com*, general jurisdiction requires an "approximation of physical presence." Here, the facts belie DivX's argument. As noted above, Archos does not conduct any business and has no customers within the jurisdiction of the Southern District of California, thus precluding a finding of personal jurisdiction.

B.  **Jurisdiction Exists In Delaware**

DivX claims that jurisdiction over Archos and Archos, S.A. before the Delaware District court "would be improper" (3:15). Jurisdiction over the parties already exists, however. First, Archos submitted to jurisdiction before the Delaware District Court upon filing its complaint there. Second, any potential jurisdiction over Archos S.A. exists as much in Delaware as in this District.

Jurisdiction exists over DivX before the Delaware District court because DivX is incorporated in the State of Delaware. More to the point, on December 15, 2004, DivX filed its Answer and Counterclaims in the first-filed Delaware action. **DivX pled the identical claims as it alleged in this later action** (Rigler Reply Decl. Ex. A). All of the DivX claims it alleged in this action are now pending in the Delaware action (Rigler Reply Decl. Ex. A).

-13-
Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 13 of 15                                                                                          04cv2386

1  DivX admitted to the jurisdiction of the Delaware Court (Rigler Reply Decl. Ex. A). DivX

2  admitted that venue in Delaware is proper (Rigler Reply Decl. Ex. A).

3  Archos answered the Delaware counterclaims on January 4, 2005, and within days the

4  District Court in Delaware ordered the parties to submit their joint Rule 16 report. The

5  parties conferenced and have submitted the report to the Court for approval. DivX's

6  contention that "absolutely nothing" has occurred in Delaware is obviously incorrect.

7  Accordingly, because jurisdiction exists over all the parties before the first-filed

8  Delaware action, and no jurisdiction exists over either of the defendants before this Court, the

9  instant action should be outright dismissed. In the alternative, the claims DivX has filed in

10  the second-filed action should be transferred to the District of Delaware or stayed pending an

11  outcome of that action.

## POINT III

### SANCTIONS ARE WARRANTED

DivX and its counsel attempt to avoid an imposition of sanctions against them by claiming a belief that the judicial conference cover sheet (JS-44) only requires "the disclosure of related cases previously filed in that district" and that the notice of related case filing would be "more efficient and helpful to the Court" if filed alongside its opposition papers (Martin Decl. ¶¶ 32-35).

This argument is implausible. In the absence of notification that the Delaware action had been filed some six weeks previously, this Court would have no way of knowing that another district court – a court as to which DivX admitted proper venue and jurisdiction – already had the case before it. Moreover, although DivX's brief asserts, incorrectly, that nothing other than the filing of initial pleadings had occurred in Delaware, DivX did not reveal that it had requested, and received, consent from Archos to multiple extensions of

-14-

Reply Memorandum Of Points And Authorities In Further Support Of Notice Of Motion And Motion To Dismiss Or Alternatively Transfer Or Stay Action And For Imposition Of Sanctions
Page 14 of 15

04cv2386

time in which to answer, accounting for an almost full month delay in proceedings. Thus, there is a disingenuous lack of candor in suggesting that a lack of interest by the Delaware Court was reason not to inform this Court of the prior-filed action. It is noted that the Delaware Court issued its request for a Rule 16 statement within six (6) days of Archos' timely filed answer to the DivX counterclaims in Delaware. As the Ninth Circuit has explained with regard to applying the first-to-file rule:

> The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgment.... [T]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly.

*Church of Scientology*, 611 F.2d at 749-50 (citations omitted).

Accordingly, DivX's justifications for failing to advise this Court of Archos' first-filed Delaware action until after Archos filed the instant motion to dismiss, lack merit. As such, they should be dismissed along with DivX's complaint.

Dated: January 24, 2005

Douglas Y. Rigler
drigler@young-thompson.com
YOUNG & THOMPSON
745 South 23rd Street
Arlington, VA 22202
Tel: (703) 521-2297
Fax: (703) 685-0573

Charles F. Reidelbach, Jr. (Local Counsel)
State Bar No. 167482
reidelbach@higgslaw.com
Phillip C. Samouris
State Bar No. 163303
samouris@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410
**Attorneys for Defendant, Archos, Inc.**

TO: See Attached Certificate of Service