Charles F. Reidelbach, Jr., State Bar No. 167482   (Space Below Reserved for Filing Stamp Only)
Phillip C. Samouris, State Bar No. 163303
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA  92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Douglas V. Rigler
YOUNG & THOMPSON
745 South 23rd Street
Arlington, Virginia  22202
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

Attorneys for Defendants ARCHOS, INC.

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIVXNETWORKS, INC., | ) | CASE NO. 04 CV 2386 L (BLM) |
| | ) | |
| Plaintiff, | ) | **REPLY DECLARATION OF DOUGLAS V. RIGLER IN FURTHER SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY ACTION AND FOR IMPOSITION OF SANCTIONS** |
| v. | ) | |
| ARCHOS, INC. and ARCHOS S.A.,* | ) | |
| | ) | Date: January 31, 2005 |
| Defendants. | ) | Time: 10:30 AM |
| | ) | Courtroom: 14 – Fifth Floor |
| | ) | |
| | ) | Date Complaint Filed: November 30, 2004 |

I, Douglas V. Rigler, declare as follows:

1. I am one of the attorneys representing defendant, Archos, Inc. ("Archos") in

---

* Archos S.A. has not been served with the complaint in this action as of the date of this filing.

-1-

the above-captioned action. I submit this reply declaration in further support of Archos' Motion To Dismiss Or Alternatively Transfer Or Stay Action. The facts stated herein either are personally known to me or are supported by reasonable investigation.

2. I reiterate that the threat letters sent by DivX to Archos' customers and potential customers were sent to customers throughout the United States and that neither California nor this District were the focus of the threats.

3. Contrary to DivX's assertions in its opposition papers, DivX admitted that jurisdiction and venue exists in Delaware. On December 15, 2004, DivX filed its Answer and Counterclaims in the first-filed Delaware action and pled the identical claims as it alleged in this later action. All of the DivX claims it alleged in this action are now pending and have been joined in the Delaware Action. A copy of DivX's answer, with counterclaims, filed in the first-filed Delaware action is attached as Exhibit A.

4. DivX's assertion that there has been a "lack of progress" in the Delaware action (DivX Memorandum p. 23) and that the parties have done "absolutely nothing" other than submit their initial pleadings is demonstrably incorrect. In response to the direction of Judge Farnan the parties have agreed upon and filed the Rule 16 Scheduling Order with initial exchanges to be made by February 28. Further, it was DivX which requested an extension of time to answer the complaint in the Delaware Action to December 15, 2004. The Answer, when filed after the delay DivX requested, contained counterclaims identical to the claims raised in this second and subsequent action. Archos answered the counterclaims on January 4, 2005, and Judge Farnan issued his directive for a Rule 16 statement within a week. The contention of absolutely no activity in Delaware is erroneous and incomprehensible, especially since the Court and Archos have proceeded diligently and timely and it was DivX which sought delay.

-2-
Reply Declaration Of Douglas V. Rigler In Support Of Notice Of Motion And Motion To Dismiss, Transfer, Or Stay Action And For Imposition Of Sanctions
Page 2 of 4                                                                                                                        04cv2386

1 | Signed under penalty of perjury of the laws of the United States.

Dated: January 24, 2005

_____
Douglas V. Rigler

# EXHIBIT A

-4-

Reply Declaration Of Douglas V. Rigler In Support Of Notice Of Motion And Motion To Dismiss, Transfer, Or Stay Action And For Imposition Of Sanctions

Page 4 of 4                                                                 04cv2386