IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARCHOS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-1400-JJF |
| | ) | |
| DIVXNETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM

Defendant/Counterclaimant DivXNetworks, Inc ("DivXNetworks"), answers the Complaint filed by Archos, Inc. as follows:

### THE PARTIES

1. DivXNetworks admits the allegations of paragraph 1 of the Complaint.

2. DivXNetworks admits that it is a Delaware corporation with its principal place of business in San Diego, California but denies the remainder of the allegations of paragraph 2 of the Complaint.

3. DivXNetworks admits the allegations of paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. DivXNetworks admits the allegations of paragraph 4 of the Complaint.

5. DivXNetworks admits the allegations of paragraph 5 of the Complaint.

### THE TRADEMARK IN SUIT

6. DivXNetworks admits the allegations of paragraph 6 of the Complaint.

7. DivXNetworks admits the allegations of paragraph 7 of the Complaint.

8. DivXNetworks admits the allegations of paragraph 8 of the Complaint.

## BACKGROUND

9. DivXNetworks admits the allegations of paragraph 9 of the Complaint.

10. DivXNetworks admits that Archos responded to DivXNetworks on August 29, 2004, but denies the remainder of the allegations of paragraph 10 of the Complaint.

11. DivXNetworks admits the allegations of paragraph 11 of the Complaint.

12. DivXNetworks admits that Archos responded to DivXNetworks on September 5, 2004 and requested "what makes you assert that the AV500 documentation, which has not been released yet, makes an unauthorized use of the DivX trademark," but denies the remainder of the allegations of paragraph 12 of the Complaint.

13. DivXNetworks admits that it sent a letter dated October 1, 2004 to Buy.com and other retailers that contained the quoted material identified in paragraph 13 of the Complaint, but denies the remainder of the allegations of paragraph 13 of the Complaint.

14. DivXNetworks admits the allegations of paragraph 14 of the Complaint, excepting only that the word "it" in the quoted material is actually "our".

15. DivXNetworks admits the allegations of paragraph 15 of the Complaint.

## RESPONSE TO COUNT I

16. DivXNetworks reincorporates its responses to paragraphs 1 through 15.

17. DivXNetworks denies the allegations of paragraph 17 of the Complaint.

18. DivXNetworks denies the allegations of paragraph 18 of the Complaint.

19. DivXNetworks admits that Archos is liable for each of penalties described in 15 U.S.C. § 1117, but denies the remainder of the allegations of paragraph 19 of the Complaint

## RESPONSE TO COUNT II

20. DivXNetworks reincorporates its responses to paragraphs 1 through 19.

21. DivXNetworks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. DivXNetworks admits that by October 1, 2004, it had knowledge that Buy.com and various other retailers sold products produced by Archos, but denies the remainder of the allegations of paragraph 22 of the Complaint.

23. DivXNetworks is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. DivXNetworks denies the allegations of paragraph 24 of the Complaint.

25. DivXNetworks denies the allegations of paragraph 25 of the Complaint.

26. DivXNetworks denies the allegations of paragraph 26 of the Complaint.

27. DivXNetworks denies the allegations of paragraph 27 of the Complaint.

28. DivXNetworks denies the allegations of paragraph 28 of the Complaint.

29. DivXNetworks denies the allegations of paragraph 29 of the Complaint.

30. DivXNetworks denies the allegations of paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of justification, and the acts of DivXNetworks described in the Complaint were justified

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of privilege, and the acts of DivXNetworks described in the Complaint were privileged.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because plaintiff has failed to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because plaintiff would be unjustly enriched by recovery.

## EIGHTH AFFIRMATIVE DEFENSE

The recovery of punitive damages in the Complaint is barred, in whole or in part, by the Due Process Clause of the Constitution and pursuant to state constitutional law.

## COUNTERCLAIM

Defendant and Counterclaimant DivXNetworks, Inc. ("DivXNetworks"), for its counterclaim herein, alleges as follows:

## PARTIES

1.  Defendant and Counterclaimant DivXNetworks is a Delaware corporation with its principal place of business in San Diego, California.

2.  Plaintiff and Counterclaim Defendant Archos, Inc. ("Archos") is a California corporation with its principal place of business in Irvine, California.

## FACTS COMMON TO ALL CLAIMS

3.  DivXNetworks is a well-respected source of technology utilized in, among other things, the compression and distribution of digital video data. DivXNetworks developed, licenses, and distributes "DivX," which is the brand name of one of the world's leading video compression technologies. DivX software compresses digital video down to a size that is easily transported over the internet – or efficiently downloaded to a computer or portable digital video device with limited storage capacity – and allows the subsequent decompression of this data without any reduction in the video's visual quality. Over 120 million people have downloaded DivX to create or watch high-quality DivX-encoded content (often, DivX-encoded movies). Over a billion video files exist that utilize the DivX codec – short for **co**mpression/**dec**ompression – technology.

4.  DivXNetworks has spent and continues to spend substantial amounts of time, money and effort in the development, preparation, improvement, quality control, and distribution of DivX. As a result, both DivXNetworks and DivX are well-known and highly respected by the public, particularly by those individuals who seek to watch digital video files – or who seek to

purchase video devices that are capable of displaying digital video files – that have been compressed through the use of DivX.

5. DivXNetworks owns, inter alia, the registered trademarks "DivX" and "DivX Certified" (including Registration Nos. 2,671,143, 2,712,971, & 2,857,603), and utilizes these marks in the United States in connection with its business (the "Registered Marks"). The Registered Marks are recognized by the public as a brand identifier for products that are either produced and distributed directly by DivXNetworks or that have been certified by DivXNetworks as compatible with the technology employed by DivX and as to which the producers of those products have obtained, after extensive testing and certification of their product by DivXNetworks, a license to use the Registered Marks (particularly, "DivX") from DivXNetworks. The Registered Marks serve as important and distinctive representations of the origin of products produced by, affiliated with, or distributed alongside the products of DivXNetworks, and assure customers that products that bear the Registered Marks are compatible and interoperable with digital video files to which DivX compression has been applied. DivXNetworks has spent, and continues to spend, vast amounts of time, effort, and money to ensure that the valuable goodwill generated by the Registered Marks and the assurances that they provide to consumers is not diminished by the use of these Registered Marks by products that are not genuinely compatible with DivX compression; e.g., by products that will not play files compressed with DivX or that will tarnish the reputation of DivXNetworks and/or the Registered Marks.

6. Archos manufactures, sells, and distributes, inter alia, portable handheld devices designed to play compressed digital video files that have been downloaded from the internet and/or a home computer. These Archos products include, among others, the AV120 Video

Recorder, the AV140 Video Recorder, the AV320 Video Recorder, the AV340 Video Recorder, the AV380 Video Recorder, the Pocket Video AV420, the Pocket Video AV480, the Jukebox Multimedia Player, the Gmini 400, and the Archos AV500 Series (the "Infringing Products").

7. Archos advertises, distributes, and sells the Infringing Products in interstate commerce in the United States through the use of the Registered Marks owned by DivX without the consent of DivXNetworks and with the intent of capitalizing on the goodwill of DivXNetworks in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Archos with DivXNetworks, and to imply that DivXNetworks has originated, sponsored, certified, approved, licensed, or is affiliated with Archos and with the Infringing Products, and engages in conduct that is designed to and does contribute to such infringing conduct.

8. Archos further advertises, describes, and promotes the sale of the Infringing Products in commercial advertising and promotions through use of the Registered Marks alongside untrue and misleading descriptions and representations of fact regarding the nature, characteristics, and qualities of the Infringing Products. The false and misleading statements made by Archos in the commercial advertising and promotion of the Infringing Products include, inter alia, claims that the Infringing Products are compatible with DivX and that the Infringing Products play or read DivX-encoded files (the "False Advertising Statements").

9.  The False Advertising Statements are literally untrue as well as misleading, deceptive, and are likely to cause consumer deception, mistake, and confusion. Archos is well aware that the Infringing Products are not, in fact, compatible with DivX and do not properly read or play DivX-encoded files. Consumers who have purchased the Infringing Products in reliance upon the False Advertising Statements have repeatedly informed Archos that the unlicensed Infringing Products are not compatible with and do not properly read or play DivX files. For example, one consumer of an Infringing Product stated that "the ability to playback DivX has only worked once for the 100 or so files I have put into the machine. As far as Archos support goes, this is a joke." Another professional reviewer of the Infringing Products stated: "When it comes to playing back existing DivX movies, [the Infringing Product] also stumbles Archos says that it'll play back DivX and XviD movies, but we couldn't get it to play any from our collection properly. And therein lies the problem with this device."

10.  DivXNetworks has repeatedly informed Archos that it has engaged in the unauthorized use of the intellectual property of DivXNetworks, including the Registered Marks, and had demanded the cessation of the unauthorized infringement and the False Advertising Statements. Nonetheless, Archos continues to infringe the Registered Marks and continues to make and disseminate the False Advertising Statements. Through these actions, Archos has intentionally sought to cause consumer deception, mistake, and confusion, and has knowingly and deliberately engaged in such illegal conduct.

<u>COUNT I</u>
(Trademark Infringement – 15 U.S.C. §1114)

11.  DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 11 above.

12. Archos' use of the Registered Marks as described above constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

13. Archos' intentional and wilful infringement of the Registered Marks has caused and will continue to cause damage to DivXNetworks, and to the goodwill associated with and value of the Registered Marks, in an amount to be proved at trial.

14. Archos' conduct has caused and continues to cause irreparable injury to DivXNetworks and to the Registered Marks in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

15. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against Archos that restrains it from engaging in further acts of trademark infringement, and, after trial, to recover any damages proven to have been caused by reason of Archos' acts of trademark infringement, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## COUNT II
(False Designation of Origin – U.S.C. §1125(a))

16. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 16 above.

17. Archos' use of the Registered Marks as described above is likely to cause and has caused consumers to believe mistakenly that Archos and the Infringing Products have an affiliation with DivXNetworks, that the Infringing Products are sponsored or approved of by DivXNetworks, or that Archos and the Infringing Products are otherwise associated with or have obtained permission from DivXNetworks.

18. Archos' conduct has and will continue to cause damage to DivXNetworks and to its business in an amount to be proved at trial.

19. Archos' conduct has caused and continues to cause irreparable injury to DivXNetworks in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

20. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against Archos that restrains it from engaging in further acts of false designation of origin, sponsorship, or approval, and, after trial, to recover any damages proven to have been caused by reason of Archo's acts of false designation, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## COUNT III
(False Advertising – U.S.C. §1125(a))

21. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 21 above.

22. Archos has used and continues to use the Registered Marks and to make and disseminate the False Advertising Statements as described above in commercial advertising and promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another person's goods, services, or commercial activities.

24. Archos' conduct has and will continue to cause damage to DivXNetworks and to its business, in an amount to be proved at trial.

25. Archos' conduct has caused and continues to cause irreparable injury to DivXNetworks in an amount that cannot be ascertained at this time and, unless restrained, will

cause further irreparable injury and that will leave DivXNetworks with no adequate remedy at law.

26. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against Archos that restrains it from engaging in further misuse of the Registered Marks and dissemination of the False Advertising Statements, as well as further equitable relief that requires restitution and remedies to dispel the effect of the False Advertising Statements, and, after trial, to recover any damages proven to have been caused by reason of Archos' misuse of the Registered Marks and dissemination of the False Advertising Statements, as well as recovery of statutory damages, interest, and costs and attorneys' fees.

## COUNT IV
(State Law Trademark Infringement & Unfair Competition)

27. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 26 above.

28. The acts of Archos described above constitute trademark infringement and unfair competition in violation of statutory and common law, as well as violations of Cal. Bus. & Prof. Code § 17200 et seq.

29. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against Archos that restrains it from engaging in further trademark infringement and unfair competition and requiring disgorgement and restitution of all proceeds unjustly obtained by Archos as a result of its illegal acts, and, after trial, to recover any damages caused by reason of Archos' acts of trademark infringement and unfair competition, as well as recovery of interest, costs and attorneys' fees.

## COUNT V
(State Law False Advertising)

30. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 29 above.

31. The acts and False Advertising Statements of Archos described above constitute false advertising in violation of statutory and common law, as well as violations of Cal. Bus. & Prof. Code § 17500 et seq.

32. By reason of the foregoing, DivXNetworks is entitled to preliminary and permanent injunctive relief against Archos that restrains it from engaging in further false advertising and requiring disgorgement and restitution of all proceeds unjustly obtained by Archos as a result of its illegal acts, and, after trial, to recover any damages caused by reason of Archos' acts of false advertising, as well as recovery of interest, costs and attorneys' fees.

## COUNT VI
(Declaratory Relief)

33. DivXNetworks realleges and incorporates by reference each allegation set forth in paragraphs 1 through 32 above.

34. There is an actual and existing controversy between DivXNetworks and Archos regarding whether Archos is obligated to pay to DivXNetworks, pursuant to state or federal law and/or the agreement of the parties, a reasonable royalty for each sale of an Infringing Product or other device designed or enabled to play DivX compressed files, or a subset of these devices. DivXNetworks contends that payment of such a reasonable royalty is required, however, Archos disagrees, and has refused to pay (and has not paid) such a reasonable royalty for all such products sold.

35. DivXNetworks accordingly seeks a declaration of the respective rights and liabilities of the parties regarding the payment of such a reasonable royalty, as well as an accounting and judicial declaration of all reasonable royalty payments currently due and owing to DivXNetworks from Archos and not yet paid.

### PRAYER FOR RELIEF

**WHEREFORE**, DivXNetworks, Inc. prays that this Court enter a judgment and decree:

A. Preliminarily and permanently enjoining Archos from engaging in further acts of trademark infringement and granting any damages proven to have been caused by reason of Archos' acts of trademark infringement;

B. Preliminarily and permanently enjoining Archos from engaging in further acts of false designation of origin, sponsorship, or approval and granting any damages proven to have been caused by reason of Archos' acts of false designation;

C. Preliminarily and permanently enjoining Archos from engaging in further misuse of the Registered Marks and dissemination of the False Advertising Statements;

D. Declaring equitable relief that requires restitution and remedies to dispel the effect of False Advertising Statements and granting damages proven to have been caused by reason of Archos' misuse of the Registered Marks and dissemination of False Advertising Statements;

E. Preliminarily and permanently enjoining Archos from engaging in further trademark infringement and unfair competition and requiring disgorgement and restitution of all proceeds unjustly obtained by Archos as a result of its illegal acts;

F. Preliminarily and permanently enjoining Archos from engaging in further false advertising and requiring disgorgement and restitution of all proceeds unjustly obtained by Archos as a result of its illegal acts;

G  Granting a declaration of the respective rights of the parties regarding the payment of such a reasonable royalty, as well as an accounting of all reasonable royalty payments currently due and owing to DivXNetworks from Archos and not yet paid; and

H.  Granting DivXNetworks such other and further relief as this Court may deem just and proper.

OF COUNSEL:

Shaun P. Martin
University of San Diego School of Law
5998 Alcala Park, Warren Hill
San Diego, CA 92110

David J. Richter
Johnny Y. Chen
DivXNetworks, Inc
4780 Eastgate Mall
San Diego, CA 92121

Dated: December 15, 2004

/s/ Jeffrey L. Moyer
Jeffrey L. Moyer (#3309)
Richards, Layton & Finger, P.A.
One Rodney Square, PO Box 551
Wilmington, DE 19899
302-651-7700

Attorneys for Defendant/Counterclaimant
DivXNetworks, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were served on December 15, 2004 on the following counsel of record in the manner indicated:

| BY HAND DELIVERY: | BY FEDERAL EXPRESS: |
|---|---|
| John W. Shaw<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391 | Douglas V. Rigler<br>Young & Thompson<br>745 South 23rd Street, Suite 200<br>Arlington, VA 22202 |

Chad M. Shandler (#3796)

RLF1-2820164-1