


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIVXNETWORKS, INCORPORATED, | ) | Civil No. 04-CV-2386-L(BLM) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO DISMISS; GRANTING MOTION TO TRANSFER; DENYING MOTION TO STAY ACTION; and DENYING MOTION FOR SANCTIONS [doc. #6-1, -2, -3, -4]** |
| v. | ) ) ) | |
| ARCHOS INCORPORATED, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Defendant Archos Incorporated[1] filed a motion to dismiss for lack of personal jurisdiction or alternatively, to transfer the action, or to stay the action, and for the imposition of sanctions. The motion has been fully briefed and the Court finds the matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). The Court enters the following decision for the reasons set forth below.

**Factual and Procedural Background**

Plaintiff DivXNetworks, Inc. ("DivXNetworks"), a Delaware corporation with its principle place of business in San Diego, filed its Complaint on November 30, 2004, alleging trademark infringement, 15 U.S.C. § 1114; false designation of origin, 15 U.S.C. § 1125(a); false advertising, 15 U.S.C. § 1125(a); state law trademark infringement and unfair competition;

---

[1]   Plaintiff has not filed a proof of service with respect to defendant Archos S.A. Accordingly, Archos S.A. has not joined in this motion.



ENTERED ON APR 2 0 2005    04CV2386

and state law false advertising; and seeking declaratory relief. Plaintiff developed, licenses, and distributes "DivX" "which is the brand name of one of the world's leading video compression technologies." (Complaint at ¶ 6). "DivX software compresses digital video down to a size that is easily transported over the internet – or efficiently downloaded to a computer or portable digital video device with limited storage capacity – and allows the subsequent decompression of this data without any reduction in the video's visual quality." *Id.* Plaintiff owns the registered trademarks, "DivX" and ""DivX Certified", including Registration Nos. 2,671,143; 2,712,971; and 2,857,603. *Id.* at ¶ 8.

Plaintiff further states that defendant "Archos is a publically traded multinational corporation that manufactures, sells and distributes . . . portable handheld devices designed to play compressed digital video files that have been downloaded from the internet and /or a home computer." *Id.* at ¶ 9. Plaintiff alleges that certain Archos products infringe on plaintiff's registered marks, specifically the AV120 Video Recorder, the AV 140 Video Recorder, the AV 320 Video Recorder, the AV 340 Video Recorder, the Pocket Video AV480, the Jukebox Multmedia Player, the Gmini 400, and the Archos AV500 Series. *Id.*

DivXNetworks accused Archos by letter dated August 2, 2004, of infringing the trademarks of DivXNetworks. Archos, believing it was not infringing any DivXNetworks' trademarks, sought information concerning the basis for the accusations of infringement. When such information was not provided and DivXNetworks sent letters to Archos' customers in several states concerning Archos' alleged infringement, Archos filed an action in the United States District Court for the District of Delaware on October 28, 2004. DivXNetworks answered the Complaint in the first-filed Delaware action on December 15, 2004, and asserted the identical claims it made in the present action in a Counterclaim. DivXNetworks admitted to jurisdiction in Delaware and that venue is proper.

When filing its Complaint here, plaintiff did not indicate that defendant had filed an action in the District Court of Delaware that raised the same issues against the same parties as

the present case.[2] Because of this failure, Archos seeks sanctions against DivXNetworks including the award of its attorneys' fees and expenses in connection with the present motion.

### Motion to Transfer Under the First-to-File Rule

When two actions involving similar parties and issues are commenced in separate forums, a court may exercise its discretion to transfer one of the actions; in so doing, preference is given to the first-filed plaintiff's choice of forum under the "first-to-file rule." The Federal Circuit has recognized the first-to-file rule noting that, "as a principle of sound judicial administration, the first suit should have priority, absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir.1989), *quoting William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). But a party to the later-filed action may request the court to disregard the first-to-file rule based on certain equitable factors such as bad faith, anticipatory filing, forum shopping, judicial economy or the convenience of the parties and witnesses.[3] 28 U.S.C.A. § 1404(a); *Alltrade, Inc. V. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "The first to file rule was developed to 'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* at 625 (*quoting Church of Scientology v. United States Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

The parties do not dispute that the actions in the District of Delaware and the Southern District of California involve the identical issues or that the Delaware action was first filed. DivXNetworks recognizes the first-to-file rule but insist that it should be disregarded here because the convenience of the parties is best met in California and because of the anticipatory filing and forum shopping exceptions to the first-to-file rule are applicable.

A suit is "anticipatory" for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit acts on receipt of specific, concrete indications that a

---

[2] Archos S.A. is not a party to the Delaware Complaint and, as previously noted, has not been served with the Complaint in the present case.

[3] Although a court may also refuse to apply the first-to-file rule if the balance of convenience weighs in favor of the later-filed action, the balance of convenience should normally be weighed by the court in the first filed action. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal.1994)(citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

1  suit by the defendant was imminent. *Ward v. Follett Corporation*, 158 F.R.D. 645, 648 (N.D.
2  Cal. 1994). Such anticipatory suits are disfavored because they are examples of forum
3  shopping. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir. 1983).
4  By recognizing this exception to the first-to-file rule, courts seek to eliminate the race to the
5  courthouse door in an attempt to preempt a later suit in another forum. *Northwest Airlines v.*
6  *American Airlines*, 989 F.2d 1002, 1007 (8th Cir. 1993).
7      Filing a declaratory action after receipt of an intent to sue letter favors a finding that the
8  first-filed suit was done for anticipatory, forum shopping purposes. *See Amerada Petroleum*
9  *Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir.1967). In *Ward,* the court recognized the need
10 for "specific, concrete indications that a suit by defendant was imminent [ ]" for a suit to be
11 declared anticipatory. *Ward*, 158 F.R.D. at 648.

### Discussion

13     In opposition to Archos' motion to dismiss or transfer the action, DivXNetworks first
14 argues that transfer is improper because Archos has not established jurisdiction and venue in
15 Delaware. Because DivXNetworks is incorporated in Delaware and has Answered Archos'
16 Complaint and asserted counterclaims in Delaware, this argument is wholly specious.
17     Similarly, DivXNetworks argues that jurisdiction and venue over Archos S.A. is not
18 proper in Delaware and Archos S.A. is not a party to the Delaware action. By failing to serve
19 defendant Archos S.A., plaintiff has precluded Archos S.A. from arguing that Delaware is a
20 proper forum and California is not. At this point in the litigation, Archos S.A. is not a properly
21 served defendant in this action and has no obligation to Answer or otherwise respond to
22 DivXNetworks' Complaint here.
23     DivXNetworks argues that Delaware is not a convenient forum but rather California is a
24 "much more convenient and efficient forum for the resolution of this action than is Delaware."
25 (Opp. at 4). As noted above, however, the first-to-file rule should be followed absent special
26 circumstances and the balance of convenience should normally be weighed by the court in the
27 first filed action, in this case, the Delaware court. Notwithstanding its extensive discussion
28 about the convenience of California over Delaware, nothing DivXNetworks provides suggests

special circumstances. Rather DivXNetworks' argument on convenience is one associated with a venue transfer motion under Section 1404(a) of Title 28 of the United States Code which provides that even when venue is proper, the Court has discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff is correct that case law establishes that the burden is on the party requesting the transfer to establish why the transfer should be granted. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (defendant has burden "to justify by particular circumstances that the transferor forum is inappropriate"). But Archos has not sought a transfer in this action under 28 U.S.C. § 1404(a) but instead sought transfer solely under the first-to-file rule and accordingly, it does not need to meet the burden to establish transfer under § 1404(a). Plaintiff's lengthy discussion concerning convenience is not of particular relevance to the present motion.[4]

    DivXNetworks next argues that Archos has engaged in forum shopping. Plaintiff DivXNetworks cannot be heard to complain about forum shopping when the forum chosen by Archos is DivXNetworks's state of incorporation. DivXNetworks selected Delaware as its place of incorporation and cannot now say that it never expected to be haled into Delaware's courts. DivXNetworks also asserts that Archos engaged in forum shopping because it selected a forum with only a slight connection to the cause of action and it could have elected to litigate the present case in California.

    As Archos correctly notes, this case and the Delaware case involve the nationwide sale of a product which either does or does not infringe and/or makes fair use of the trademarks in suit. California does not control the dispositive law concerning these issues. Issues of trademark infringement are matters of federal law and the facts of these cases transcend state concerns.

    As DivXNetworks notes, a plaintiff's choice of forum is entitled to weight. Archos filed its action in Delaware where jurisdiction and venue are appropriate. Because Archos could have chosen to litigate in California is not a sufficient reason to deny Archos its preferred venue.

---

[4] DivXNetworks' use of authority from district courts in the Southern District of New York is neither binding nor persuasive.

1    DivXNetworks also contends that the anticipatory filing exception is applicable here. As
2 plaintiff's recognize, Archos's action in the district of Delaware was not done immediately after
3 receiving an August 2, 2004 letter from DivXNetworks accusing Archo of infringement. Rather
4 DivXNetworks continued to write cease-and-desist letters to various entities who sold Archos'
5 alleged infringing products and only after several weeks of attempting to discuss matters with
6 DivXNetworks did Archos file its declaratory judgment action on October 28, 2004 – three
7 months after DivXNetworks first gave notice of alleged infringement.

8    An alleged infringer need not wait indefinitely in order to bring a declaratory judgment
9 action when it has been accused of infringement. It need not wait until the party alleging
10 infringement has decided to file a law suit. Nothing in the case law discussing the first-to-file
11 rule suggests otherwise. Here, Archos waited three months before filing a declaratory judgment
12 action in Delaware which does not suggest any race to the courthouse.

13   For these reasons, application of the first-to-file rule is appropriate in this action and this
14 case shall be transferred to the United States District Court for the District of Delaware.

### Sanctions

16   Defendant seeks sanctions against DivXNetworks for its failure to advise the Court on the
17 Civil Cover Sheet of the related action in the Delaware District Court citing Civil Local Rule
18 40.1(e) which provides, in relevant part:

> Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this **or any other federal or state court** . . . counsel shall promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related . . . . This is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding.

23 CIV. L.R. 40.1(e)(emphasis added).

24   Although it is clear that DivXNetworks failed to comply with Civil Local Rule 40.1(e)
25 when it omitted the information about the related case pending in the federal court of Delaware
26 on the Civil Cover Sheet, the Court declines to award sanctions in this case. Although defendant
27 has not been prejudiced by plaintiff's failure to act in conformity with the Local Rule, plaintiff is
28 admonished that practice before this Court requires compliance with its rules. Any subsequent

1 | practice in the United States District Court for the Southern District of California by counsel for
2 | DivXNetworks or any of its other clients should be marked by utmost care in following both the
3 | Local Rules of Court and the Federal Rules of Civil Procedure

## Conclusion

For the reasons set forth above, **IT IS ORDERED** denying as moot defendant's motion to dismiss. **IT IS FURTHER ORDERED** granting motion to transfer action to the District of Delaware. **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to transfer this action to the United States District Court for the District of Delaware. **IT IS FURTHER ORDERED** denying as moot motion to stay. **IT IS FURTHER ORDERED** denying motion for sanctions.

IT IS SO ORDERED.

Dated: 4/15/05

M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

I hereby attest and certify on APR 2 0 2005 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy