IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVXNETWORKS, INC., <br>     Plaintiff, <br> v. <br> ARCHOS INC., and ARCHOS S.A., <br>     Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 05-cv-00240 (JJF) <br> ) <br> ) <br> ) <br> ) |

**ANSWER ON BEHALF OF DEFENDANTS ARCHOS INC.,
AND ARCHOS S.A. TO PLAINTIFF DIVXNETWORKS, INC.'S COMPLAINT**

Defendants, Archos Inc. and Archos S.A., hereby respond to and answer the complaint of plaintiff, DivXNetworks, Inc. (hereinafter "DivX"), as follows:

**Jurisdiction**

1. Admitted.

**The Parties**

2. Admitted.

3. Admitted.

4. Admitted.

5. Admit that Archos Inc. is a subsidiary of Archos S.A., but specifically deny each other allegation contained therein.

**Facts Common to All Claims**

6. Admit that DivX seeks to license "DivX" as a trademark and denies the remainder of this allegation.

7. Denied.

8. Denied.

9.  Admits that Archos S.A. is a publicly held corporation. Admits that Archos Inc. sells and distributes hand held devices in the United States that are capable of playing compressed digital files and that its products include the AV120 Video Recorder, the AV140 Video Recorder, the AV320 Video Recorder, the AV340 Video Recorder, the AV380 Video Recorder, the Pocket Video AV420, the Pocket Video AV480, the Jukebox Multimedia Player, and the Gmini 400. Archos S.A. and Archos Inc. object to the attempted characterization of their products as the "Infringing Products" as a transparent attempt to create a misleading impression that there is any infringement and move to strike this definition in any reading or disclosure of the complaint to the jury. The remainder of this allegation is denied.

10. Denied. Archos S.A. and Archos Inc. object to the attempted characterization of their products as the "Infringing Products" as a transparent attempt to create a misleading impression that there is any infringement and move to strike this definition in any reading or disclosure of the complaint to the jury.

11. Denied. Archos S.A. and Archos Inc. object to the attempted characterization of their products as the "Infringing Products" or the "False Advertising Statements" as a transparent attempt to create a misleading impression that there is any infringement or false advertising and move to strike the infringing products definition and the false advantage statement in any reading or disclosure of the complaint to the jury.

12. Denied. Archos S.A. and Archos Inc. object to the attempted characterization of their products as the "Infringing Products" or the "False Advertising Statements" as a transparent attempt to create a misleading impression that there is any

infringement or false advertising and move to strike the infringing products definition and the false advantage statement in any reading or disclosure of the complaint to the jury.

13. Denied. Archos S.A. and Archos Inc. object to the "False Advertising Statements" as a transparent attempt to create a misleading impression that there is any false advertising and move to strike this definition in any reading or disclosure of the complaint to the jury.

## Count One

### (Trademark Infringement – 15 U.S.C. § 1114 ---Against each Defendant)

14. Archos S.A. and Archos Inc. repeat and re-allege their prior responses to paragraphs 1 through 13 as though fully set forth herein.

15. Denied.

16. Denied

17. Denied.

18. Denied.

## Count Two

### (False Designation of Origin – 15 U.S.C. § 1125(a) ---Against each Defendant)

19. Archos S.A. and Archos Inc. repeat and re-allege their prior responses to paragraphs 1 through 18 as though fully set forth herein.

20. Denied. Archos S.A. and Archos Inc. object to the attempted characterization of their products as the "Infringing Products" as a transparent attempt to create a misleading impression that there is any infringement and move to strike this definition in any reading or disclosure of the complaint to the jury.

21. Denied

22. Denied.

23. Denied.

### Count Three

### (False Advertising – 15 U.S.C. § 1125(a) ---Against each Defendant)

24. Archos S.A. and Archos Inc. repeat and re-allege their prior responses to paragraphs 1 through 23 as though fully set forth herein.

25. Denied.  Archos S.A. and Archos Inc. object to the "False Advertising Statements" as a transparent attempt to create a misleading impression that there is any false advertising and move to strike this definition in any reading or disclosure of the complaint to the jury.

26. Denied.

27. Denied.

28. Denied.  Archos S.A. and Archos Inc. object to the "False Advertising Statements" as a transparent attempt to create a misleading impression that there is any false advertising and move to strike this definition in any reading or disclosure of the complaint to the jury.

### Count Four

### (State Trademark Infringement & Unfair Competition ---Against each Defendant)

29. Archos S.A. and Archos Inc. repeat and re-allege their prior responses to paragraphs 1 through 28 as though fully set forth herein.

30. Denied.

31. Denied.

## Count Five

### (State Law False Advertising ---Against each Defendant)

32.     Archos S.A. and Archos Inc. repeat and re-allege their prior responses to paragraphs 1 through 31 as though fully set forth herein.

33.     Denied.  Archos S.A. and Archos Inc. object to the "False Advertising Statements" as a transparent attempt to create a misleading impression that there is any false advertising and move to strike this definition in any reading or disclosure of the complaint to the jury.

34.     Denied.

## Count Six

### (Declaratory Relief ---Against each Defendant)

35.     Archos S.A. and Archos Inc. repeat and re-allege their prior responses to paragraphs 1 through 34 as though fully set forth herein.

36.     Admit that there is an actual and existing controversy concerning DivX's claim of trademark infringement and denies the remainder of this allegation.  Archos S.A. and Archos Inc. object to the attempted characterization of their products as the "Infringing Products" as a transparent attempt to create a misleading impression that there is any infringement and move to strike this definition in any reading or disclosure of the complaint to the jury.

37.     This allegation is a statement of DivX's desired relief as to which no response is required.  To the extent the allegation consists of any factual allegation of entitlement to any relief, it is denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Archos S.A. and Archos Inc. do not infringe any trademark or other property right of DivX.

3. Archos S.A. and Archos Inc. have not engaged in false advertising in connection with DivX's mark(s).

4. Any use of the terms DivX or DivXNetworks by either Archos S.A. or Archos Inc. is within the doctrine of fair use.

5. DivX is equitably estopped from enforcing any putative trademark rights due to its unclean hands.

6. DivX has and continues to accuse Archos S.A. and Archos Inc. of infringement with respect to Archos' products which do not even mention DivX or which have not been sold or offered for sale.

WHEREFORE, Archos S.A. and Archos Inc. request that the complaint of Plaintiff, DivXNetworks, Inc., be dismissed in its entirety and that Archos S.A. and Archos Inc. be awarded their costs, expenses, and attorneys' fees together with such additional relief as may be found to be appropriate.

| | |
|---|---|
| Dated: May 20, 2005<br><br>OF COUNSEL:<br><br>YOUNG & THOMPSON<br><br>Douglas V. Rigler, Esq. (DC Bar #61838)<br>Michael Piziali, Esq. (DC Bar #455149)<br>745 South 23rd Street, Suite 200<br>Arlington, Virginia 22202<br>Telephone: 703.521.2297<br>Facsimile: 703.521.8231 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Karen E. Keller*<br>_____<br>Josy Ingersoll, Esq. (DE Bar #9088)<br>John W. Shaw, Esq. (DE Bar #3362)<br>Karen E. Keller, Esq. (DE Bar #4489)<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391<br>Telephone: 302.571.6600<br>Facsimile: 302.571.1253<br>kkeller@ycst.com<br><br>*Attorneys for Defendants Archos S.A., and Archos Inc.* |

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 20, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jeffrey L. Moyer, Esquire
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899-0551

I further certify that on May 20, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Shaun P. Martin
> University of San Diego School of Law
> 5998 Alcala Park, Warren Hall
> San Diego, CA  92110

> David J. Richter, Esquire
> Johhny Y. Chen, Esquire
> DivXNetworks, Inc.
> 4780 Eastgate Mall
> San Diego, CA  92121

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Karen E. Keller
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Defendants Archos S.A., and Archos Inc.